MARY E. BOLIN *vs.* THE CORLISS COMPANY.

Suffolk.    November 30, 1927.— January 5, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Motor vehicle.   *Evidence,* Presumptions and burden of proof,
     Matter of conjecture.

In the declaration in an action for personal injuries caused to a traveller
     on a public way who was struck by a tire and rim detached from a pass-
     ing automobile of the defendant while it was being driven by another
     person, the plaintiff alleged that "the defendant . . . negligently per-
     mitted said automobile to go out upon the highway in such a defective
     and dangerous condition that . . . a tire and rim came off . . . and
     seriously injured the plaintiff."   An expert called by the plaintiff testi-
     fied that the type of automobile in question "had two kinds of de-
     mountable rim wheels — one was a Kelsey and the other was a Hayes —
     and one that was not demountable"; that, if a rim of the Kelsey type
     came off and "when the driver went to put it back he found the lugs
     in place and tight," the cause of the rim coming off was that it was
     defective; that in operating such a car on the highway in the usual way,
     such a defect would be noticeable; that there would be a motion you
     "could feel readily in driving the car"; that this defect could be dis-
     covered on inspection; that if there was a defect in a wheel that per-
     mitted a lug "to slide off" you could not discover it "without taking
     off the lug and nut and looking at it."   The driver testified that after
     the accident the rim and wheel appeared "to be all right"; that the
     lugs were not loose; and that he did not remember whether or not he
     had changed tires.   *Held,* that the evidence would not warrant a finding
     of negligence on the part of the defendant.

TORT for personal injuries.   Writ dated July 30, 1923.

In the Superior Court, the action was tried before *Whit-
ing,* J.   Material evidence is stated in the opinion.   The
judge ordered a verdict for the defendant and reported the
action to this court for determination.

*J. F. Cavanagh,* (*W. G. Wehrle* with him,) for the plaintiff.
*R. Gallagher,* (*N. F. Fermoyle* with him,) for the defendant.

CARROLL, J.   The plaintiff while walking on the sidewalk
of Columbia Road, a public highway in Upham's Corner,
was struck by a tire and rim detached from a passing auto-
mobile which rolled across the way on to the sidewalk.   The

automobile belonged to the defendant. It was operated at the time by one Casper who had been given permission to use it by John J. Corliss, the defendant's president. It was in use at the time by Casper for himself and not for any purpose connected with the defendant. Casper took the automobile · from the garage about eight o'clock in the evening and drove to Stoughton, and as we understand the record he was returning when the tire and rim became detached.

Casper, called by the plaintiff, testified in substance that the rim was held by four lugs; that after the accident he put the tire and rim on the wheel; that they appeared "to be all right"; that the four lugs were on the wheel and were not loose; that after restoring the tire and rim he drove to South Boston and then to the garage. He further testified that, in going from the garage to the home of the young lady who was his companion on the ride, he did not remember changing tires; he stated, "I may have and may not."

The plaintiff called an expert who testified that cars of 1919 of the make which Casper was driving "had two kinds of demountable rim wheels — one was a Kelsey and the other was a Hayes — and one that was not demountable"; that if a rim of the Kelsey type came off and "when the driver went to put it back he found the lugs in place and tight" the cause of the rim coming off was that it was defective; that in operating such a car on the highway in the usual way, such a defect would be noticeable; that there would be a motion you "could feel readily in driving the car"; that this defect could be discovered on inspection; that if there was a defect in a wheel that permitted a lug "to slide off" you could not discover it "without taking off the lug and · nut and looking at it."

There was no evidence that Casper was the defendant's agent, and the plaintiff cannot recover on the first count of the declaration. *Kwedares* v. *Knoel,* 261 Mass. 91, and cases cited.

The second count is to the effect that it was the defendant's duty before permitting the use of the automobile upon the public highways to have the automobile in reasonably safe condition; that "the defendant . . . negligently permitted

said automobile to go out upon the highway in such a de-
fective and dangerous condition that . . . a tire and rim
came off . . . and seriously injured the plaintiff." There
was nothing to show that, at the time the defendant gave
permission to Casper to use the automobile, it had any
knowledge the machine was then defective or unsafe for use
on the public highways; and no evidence to support the
plaintiff's contention that at that time the rim or tire was
defective, or, even if it were defective, that reasonable in-
spection would have disclosed its condition. Assuming that
the defendant would be liable in permitting Casper to use a
defective automobile when it knew of the defect or, as a
reasonably prudent person, could have discovered it, the
plaintiff did not show that the defendant possessed such
knowledge or that the defect if it then existed might reason-
ably have been discovered. All the evidence bearing on this
question came from the plaintiff's expert. As we construe
the record his testimony related to a Kelsey rim, and we
are unable to find anything in the evidence tending to show
that this particular automobile was equipped with such a
rim. Even if the evidence of Casper tended to show that
the automobile was equipped with a Kelsey rim, there was
no evidence that a reasonable inspection before the auto-
mobile was taken from the garage would disclose this defect.

It also appears that the defect would be known by the
person driving the automobile; but this did not show that
the defect could be known by a reasonable examination while
the car was not in use. In order to discover the defect it
would have been necessary, as we understand the expert's
testimony, to take off the lug and nut and examine them
when detached. In our opinion this evidence was not suffi-
cient to charge the defendant with negligence. In the ab-
sence of anything to show that the appliances were defective,
the defendant was not required as a reasonable person to
remove the rim and connections and inspect them, before
permitting Casper to use the car.

There was no error in excluding the preliminary testimony
of the expert. The plaintiff was allowed to introduce all
the material evidence she desired.

As the plaintiff cannot recover against the defendant we have not thought it necessary to discuss the question of the authority of Corliss to permit Casper to use the automobile.

*Judgment for defendant.*