CELESTINO VILLARÁN, demandante y apelante, *v.* LOÍZA SUGAR COMPANY, demandada y apelada.

No. 4696.—*Sometido:* Febrero 21, 1930. *Resuelto:* Marzo 27, 1930.

*E. López Tizol,* abogado del apelante; *Jaime Sifre Jr., Diego O. Marrero y Horacio Franceschi,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Por lo que se alegó en la demanda y en la contestación aparece que la demandada Loíza Sugar Co., una corporación doméstica, que se dedica a la explotación de la caña de azúcar y elaboración y venta de azúcar de caña, en Loíza, P. R., es dueña de un ferrocarril a vapor que trabaja entre Loíza, Carolina y Río Grande, y que el día 26 de diciembre de 1922 a las 4 p. m. se hallaba en servicio, y era manejado por empleados de la demandada en trabajos de la misma.

Se alegó por la parte demandante que Carmelo Villarán, hijo legítimo del demandante, en la fecha y hora antes citadas, iba con otras personas en un vagón de uno de los trenes de la demandada, manejado por empleados de ésta en su servicio en aquel momento, y que por la culpa y negligencia de dichos empleados que llevaban el tren a mucha velocidad al acercarse al desvío de Pabón, y por hallarse las vías en mal estado, y lo mismo la aguja de cambio, descarrilaron y volcaron varios vagones, entre ellos aquel en que iba Carmelo Villarán, quien cayó bajo uno de ellos y sufrió golpes y contusiones que le produjeron la muerte; que Carmelo Villarán era un niño de ocho años, inteligente, trabajador y de buenas costumbres.

Por la demandada se alegó que sus empleados conducían el tren con cuidado y a corta velocidad, y que las vías y agujas se hallaban en buen estado; que Carmelo y su madre se habían metido en el vagón contra la expresa prohibición de los que manejaban el tren; que éste era de servicio privado de la corporación.

En el juicio el demandante presentó la certificación de nacimiento de Carmelo, y la declaración del mismo demandante. Y la demandada presentó moción de *nonsuit,* la que

fué declarada con lugar, dictándose sentencia en consonancia con la resolución; en la relación de hechos y opinión de la corte, ésta declara que no se demostró que los empleados de la demandada fueran negligentes por el mero hecho de que los vagones descarrilaran, ni que el tren fuera llevado a velocidad, ni que la vía estuviera en mal estado.

Ahora el demandante-apelante señala como error el que la corte declaró sin lugar la demanda, y ser la sentencia contraria a derecho y a la prueba.

Verdaderamente, la declaración de Celestino Villarán es la prueba más pobre que pudo presentarse. El no presenció el descarrilamiento, y no podía afirmar nada en cuanto a la velocidad a que era llevado el tren; él sólo dice que cuando fué allí, al desvío, encontró que la vía y la aguja no se hallaban en buen estado, y que la vía estaba mala, y no estaba a nivel. El dijo también que no tenía experiencia en trabajos de vías, y sí ha trabajado en vagones y poniendo postes, que vió que las vías no estaban derechas, y que estando derechas las vías tienen que estar niveladas, y que la línea del desvío era la que estaba desnivelada. En siguiente interrogatorio para que explicara lo que él llama desnivel, dice que quiso significar que hay curva, y que allí hay varios desvíos.

La teoría del demandante es, si no nos equivocamos, que probado que el tren era manejado por empleados de la demandada, dentro de la esfera de sus funciones, y que descarriló en la misma vía propia de la demandada, el hecho habla por sí, y es bastante para que se presuma o se infiera la negligencia. La doctrina de *res ipsa loquitur* es la que él invoca.

Esa doctrina no es de regla, sino de excepción a la que determina que la negligencia debe probarse. Cuando el hecho o el accidente es de tal naturaleza que no ha debido ocurrir en el curso ordinario de los hechos si se hubiera guardado por los que manejan o dirigen las cosas que lo

produjeron el cuidado o la diligencia ordinaria, cabe que el hecho o la cosa, por sí mismos, sustituyan a la prueba de negligencia. La teoría se refiere, como se ha dicho por la jurisprudencia, al método de prueba de la negligencia genérica. En el caso de *San Juan Light Co.* v. *Requena,* 224 U. S. 89, la Corte Suprema de los Estados Unidos, presenta una exacta definición:

"La doctrina de *res ipsa loquitur* es que cuando se demuestra que una cosa que ocasiona daño, sin que medie culpa de la persona lesionada, está bajo el dominio exclusivo del demandado, y no habría ocasionado el daño en el curso ordinario de los acontecimientos si la parte bajo cuyo dominio estaba la cosa hubiera ejercido el debido cuidado, ello suministra evidencia razonable, a falta de alguna explicación, de que la lesión surgió con motivo de la falta de cuidado del demandado."

De que la doctrina no es una fórmula rígida y arbitraria, sino que se ajusta a las circunstancias, da fe la jurisprudencia de los tribunales de diversos estados de la Unión. Su aplicación, se ha dicho, debe depender de los hechos y circunstancias peculiares de cada caso concreto. Véase la nota en 45 C. J. 1200, párrafo 771.

En el caso ante nosotros, la prueba presentada, aun con las admisiones, no estableció nada atendible. No puede, por ella, concluirse que la vía estaba en malas condiciones cuando ocurrió el descarrilamiento, ni que el tren fuera a una velocidad no usual, ni que el niño fuera un pasajero aceptado como tal. La madre del niño, que iba con él en esa ocasión, no es llamada a producir su testimonio. El demandante, o no puede, o no quiere, probar. Y en esas condiciones no debe esperar otra solución que la que tuvo la moción de *nonsuit.*

En el caso *Calcerrada* v. *American Railroad Co.,* 39 D. P.R. 276, al tratar de las mociones de *nonsuit,* hemos dicho:

"Existe algún conflicto entre las autoridades, pero la corriente de ellas es que una moción de nonsuit cuando la prueba que favorece al demandante es débil, o cuando se anularía definitivamente un veredicto rendido a su favor, la corte entonces puede declarar con lu-

gar la moción. Estate of Morey, 147 Cal. 495; Grant vs. Chicago Milwaukee & St. Paul Railroad Co., 252 Pac. 382; 38 Cyc. 1556.

"En el caso de Montana se dijo que la cuestión relativa a la existencia de prueba substancial es una cuestión de derecho que debe ser resuelta por la corte. Las decisiones a veces dicen que si la prueba que favorece al demandante es inherentemente improbable, la moción puede prevalecer. En los Estados Unidos continentales la regla es que el jurado apreciará las cuestiones de hecho, pero en Puerto Rico el llamado a apreciar la prueba es el juez únicamente. Quizá si la demandada nos hubiese llamado la atención a alguna de esta jurisprudencia, y hubiera hecho énfasis en algunas de las cuestiones a que nos referiremos, tal vez no hubiésemos revocado la sentencia."

No puede aplicarse aquí el caso *Orta v. The Porto Rico Railway Light & Power Co.*, 36 D.P.R. 743. Los hechos son distintos. En el caso que citamos no hubo duda alguna de la obligación de la demandada en cuanto a las condiciones de seguridad en que ella tenía que poner sus cables conductores de electricidad. Se dijo allí:

"(2) La Corte también sostuvo que constituía negligencia por parte de la compañía el tener alambres de alta tensión en sitios muy poblados sin la debida protección y vigilancia, y que esta omisión fué la causa próxima de los daños sufridos por el hijo del demandante. La apelante sostiene que no se demostró la verdadera negligencia de la compañía demandada y que la corte al parecer estaba implícitamente aplicando la doctrina de *res ipsa loquitur*. Sin embargo, con excepción de los casos de Pensylvania que cita la apelante, la regla prevaleciente en los Estados Unidos es que cuando un alambre de alta tensión cae en una calle pública, causando daño, la doctrina de *res ipsa loquitur* es aplicable."

*Debe confirmarse la sentencia apelada.*