Jones, P. J.
The report in this case, as allowed by the trial judge, is entitled “Defendant’s Report”. This title is not in proper form. The rules governing the formation of a report are found at the end of Rule XXXXVI of the District Courts, which prescribes a model for a “draft report”. When a draft report is allowed it became a “Report” and should be so entitled. A report is not the report of either defendant or plaintiff.
The action is one of tort in which the plaintiff seeks to recover damages alleged to have been received in consequence of a collision between automobiles of the parties caused by the alleged negligent operation by the defendant of his automobile. The answer is a general denial and contributory negligence of the plaintiff. At the conclusion of the trial the defendant duly requested the following rulings :—
*23 1. Upon all the law and evidence in this case the plaintiff is not entitled to recover and the finding should be for the defendant, for the following reasons:
(a) As a matter of law there is not sufficient evidence to warrant a finding that the defendant was negligent.
(b) The mere happening of an accident is not evidence of negligence.
(c) The sudden and unexpected breaking of a part of the steering mechanism of the defendant’s automobile is not evidence of negligence.
(d) The plaintiff has not maintained the burden of proving that any negligence of the defendant caused the accident.
2. The accident was trivial and plaintiff is claiming in excess of any actual damage.
3. The plaintiff’s automobile was illegally registered for the reason that the registration was from 290 Talbot Avenue and plaintiff lives at 130 Talbot Avenue, Boston.
The Court denied requests numbers 1 (a), 1 (d), and 3 and allowed requests numbers 1 (b) and 1 (c) and found for the plaintiff. Defendant waived the third request at argument of the ease. The trial judge found “as a matter of fact that the defendant was operating his automobile to the left of the center of the road and collided with the plaintiff’s automobile causing the damages alleged”. Plaintiff has filed no brief.
Defendant’s first contention is that a finding of negligence upon his part could not be made and even if warranted by the evidence, because there is no evidence to warrant the finding that the collision occurred upon a public way. It is alleged, however, in plaintiff’s declaration that the collision happened on a ‘ ‘ public highway known as Broadway in Boston”, which allegation under the provisions of Gr. L. Ter. Ed. c. 231, sec. 30, must be taken as admitted, because the defendant did not controvert this allegation by filing in the court within the prescribed time *24 a special demand for proof that Broadway is a public highway or a public way.
There is not sufficient evidence to warrant a finding of negligence on the part of the defendant. It is difficult to say that a finding for defendant was based upon defendant’s negligence in operation as distinguished from the defendant’s liability under provisions of Gr. L. c. 89, §§ 1 to 5.
The special finding by the court that the defendant was operating his automobile to the left of the center of the road and collided with the plaintiff’s automobile causing the damage alleged would rather seem to indicate that the finding was based upon the statute last quoted. The only matter in the record contrary to the latter view is the refusal to rule as requested by the defendant that the evidence is not sufficient to warrant a finding that the defendant was negligent. In our opinion the evidence does not warrant a finding of negligence as distinguished from the violation of the statute.
Bearing upon the negligence of the defendant the only evidence as to the position of the two cars before the collision is that they were travelling in opposite directions ; that plaintiff saw defendant’s automobile three-quarters of a block away,- that defendant’s wheels were wobbly and that the first thing plaintiff knew defendant’s automobile ran into plaintiff’s automobile.
The report is especially lacking in the width of Broadway, of the measurement in feet of three-quarters of a block, of how far the two automobiles ran after the collision, and no evidence as to the position of the two cars with reference to the center of Broadway either before or after the collision. No evidence shows that either of the cars were anywhere but in the proper part of the highway. We cannot say that the defendant was violating the law of the *25 road, G-. L. Ter. Ed. c. 89, sec. 1, and thereby creating evidence from which liability might be inferred.
It was rightly ruled upon defendant’s request that the mere happening of an accident is not sufficient evidence to warrant a finding of negligence, Glazer v. Schroeder, 269 Mass. 337, 340, and that the sudden and unexpected breaking of a part of the steering mechanism of defendant’s automobile is not evidence of negligence. There being no evidence to warrant a finding of negligence and no evidence to warrant a finding that defendant was violating the law of the road, the finding for defendant was not warranted in any view of the evidence and it follows defendant cannot be found liable under Gr. L. Ter. Ed. c. 89, §§ 1 to 5. McCarthy v. Goodrum, 1935 Mass. Adv. Shts. 2613, 2622. Neither can the case be brought within the rule of res ipso loquitur. There is no evidence whatever relative to the age of defendant’s automobile, of its condition before the accident or the length of its use and whether or not defendant had trouble with it before and whether or not there were any facts that could be said to have put him upon his guard in relation to its condition, so that he could be said to be reasonably charged with notice of its poor •condition, and it is said in Reardon v. Boston Elevated Railway, 247 Mass. 124, “an accident in the case of traffic on a highway is in marked contrast to a case in which the principle of res ipso loquitur applies”. Every vehicle has to adapt its own behaviour to the behaviour of other persons using the road, and over their actions these in charge of the vehicle have no control. Hence the fact that an accident has happened either to or through a particular vehicle is by itself no evidence that the fault, if any, which led to it was committed by those in charge of that vehicle.
There is no evidence showing negligence on the part of the defendant. No ground for a belief on the part of de *26 fendant that his automobile was dangerous for use or that “he had any knowledge or reason to think that the steering apparatus was defective or that reasonable inspection would have disclosed its condition.” Sennett v. Nonantum Coal Company, 284 Mass. 390. Shipp v. Boston & Maine Railroad Co., 283 Mass. 266, 272.
There is no evidence that the defendant’s automobile was not a new one. It may have been just purchased in the market and we see no reason to say that the defendant was guilty of negligence in any way. Bolin v. The Corliss Co., 262 Mass. 115.
In our opinion, for reasons given above, the trial judge erred in not giving defendant’s requests 1 (a) and 1 (d).
Finding for plaintiff is vacated. Judgment for defendant will be ordered.