GERMÁN HERMIDA SOTOMAYOR, ETC., Plaintiff and Appellant, *v.* JUAN FELICIANO SÁNCHEZ, Defendant and Appellee.

No. 8489.   Argued February 10, 1943.—Decided May 18, 1943.

*C. Santana Becerra* and *Pedro Juan Alcalá* for appellant. *F. Prieto Azúar* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

The plaintiff, a minor, was injured when the rim on one of the wheels of a truck, which was parked near the sidewalk of a public street and which belonged to the defendant, suddenly flew off the truck as the result of an explosion of the left rear tire and struck the plaintiff, who was standing·on the sidewalk. The district court, after a trial on the merits, entered judgment for the defendant, and the plaintiff has appealed.

■ The district court, citing *Sweeney* v. *Erving,* 228 U. S. 233, *Bolin* v. *Corliss,* 159 N. E. 612 (Mass., 1928), *Candelas* v. *Gándara,* 42 P.R.R. 296, and *Villarán* v. *Loíza Sugar Co.,* 40 P.R.R. 712, held that the doctrine of *res ipsa loquitur* was not applicable to the facts of the present case. There is no rule of thumb which gives a mechanical and automatic answer on this problem. The courts are virtually reduced to asserting that each case turns on its own facts. It "has been applied to a wide variety of situations. It finds common application in the case of objects falling from or upon the defendant's premises, such as bricks, stones or window panes; falling elevators; injuries from electric wires or appliances; the escape of gas or water from the defendant's mains; *the explosion of boilers or other objects under the defendant's control;* the sudden starting of machinery; injuries to passengers from causes within the control of the carrier, such as derailment or defective equipment; certain kinds of automobile accidents, such as a car running onto the sidewalk, or into a stationary object, or starting into motion after it has been left standing in the street; many types of malpractice cases, such as injuries to teeth at the hands of dentists, objects left in the body of the patient after operation, or X-ray burns; defective food in sealed containers, and the explosion or breakage of the containers themselves; and

many other similar occurrences." (Prosser on Torts, §43, pp. 293, 4, 5). (Italics ours).

What is sometimes overlooked is that *res ipsa loquitur* is a rule of evidence—nothing more, and nothing less. If, under the facts of a particular case, it is appropriate to invoke it, it neither adds to the plaintiff's case or detracts from the defendant's position, as a matter of proof. What it does is to provide that, once the facts warranting its application are established, the plaintiff is relieved from the ordinary rule requiring him to show in the first instance that the defendant was negligent. Instead, an inference of negligence, as a matter of circumstantial evidence, without any direct proof thereof, is raised, and the burden of going forward with the evidence is shifted at that point to the defendant who must show that he exercised due care. To this effect, see Prosser on Torts, §43, p. 291 et seq.; 9 Wigmore on Evidence, 3rd ed., §2509, p. 377, and 1943 Supplement thereto; Application and Effect of *Res Ipsa Loquitur,* 23 Calif. L. Rev. 169.

■ There is universal agreement as to at least three requirements for the application of *res ipsa loquitur:* "(1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff". (Prosser on Torts, §43, p. 295).

■ In the instant case the only serious question is as to the first requirement. The cases, like *Bolin* v. *Corliss, supra,* on which the defendant relies, are distinguishable from the facts herein in that the blowouts and other accidents occurred in those cases while the automobiles involved were being driven. It may well be that such episodes as blowouts under those circumstances ordinarily occur without negligence. But we are not prepared to say that an explo-

sion of a tire on a parked truck, resulting in blowing the rim off the wheel, is apt to occur as a regular matter, unless some negligence occurred somewhere in the preceding chain of events. As Prosser puts it (pp. 296–7) "As a matter of common knowledge there are many accidents which may often occur without anyone's fault: tire blowouts and skidding automobiles. . . On the other hand there are occurrences which in themselves bespeak negligence. . . When a gasoline filling station mysteriously explodes, many possible explanations suggest themselves, but the most likely one is negligence on the part of those in charge. All that is required is that reasonable men shall be able to say that on the whole it is more likely that there was negligence associated with the cause .than that there was not." See also Annotation in 93 A.L.R. 1101. We therefore believe that, under the circumstances of the instant case, the doctrine of *res ipsa loquitur* should have been applied.

As to the *Candelas* case, *supra*, it is enough to say that the doctrine of *res ipsa loquitur* was not even considered in that case; and as to the *Villarán* case, *supra*, as in almost all cases in which this question has come up, the facts were different from those herein, and the case is therefore not controlling.

However, in Puerto Rico, where we have trial by the court and not by jury in civil cases, the doctrine of *res ipsa loquitur* does not have the same importance as in continental United States, where juries find the facts in such cases. As we have seen, *res ipsa loquitur* is a rule of evidence. Since it may be used as a substitute for evidence of negligence by the plaintiff, its chief purpose is to enable the plaintiff to avoid a directed verdict and to get to the jury for a determination by it of the facts. On the other hand, in Puerto Rico, while a motion to dismiss at the close of the plaintiff's case is of course appropriate, it is not so vital as in common law states, in view of the fact that, even if denied, the

trier of the facts—the trial judge—remains the same. That situation is illustrated by the instant case. Here there was no motion at the close of the plaintiff's case. Instead, the defendant proceeded with his case, in an effort to show that he had recently purchased and installed a new tube in the tire in question, that the tire was in good condition, that inspection had been duly made by his employees, and, through expert testimony that the various things which might have possibly caused the explosion, including latent manufacturing defects, could not be ascribed to any negligence on the part of the defendant.

Having heard the defendant's proof, the district court found that "Based on the evidence, the only conclusions which we can reach is that the accident was due to some defect in the rim, in the tire, or in the tube, of which the defendant had no knowledge, and that the same was an unfortunate accident, without any fault or negligence on defendant's part."

The net result therefore is that the lower court wrongly concluded that *res ipsa loquitur* did not apply in this case. But since it nevertheless proceeded to hear the evidence of the defendant in detail, and concluded therefrom that the defendant had not been negligent, the lower court, although not actually invoking the doctrine of *res ipsa loquitur,* did not in practical effect depart therefrom. Counsel for the plaintiff themselves make this point. They say in their brief: "We accept that the application of this doctrine does not relieve a plaintiff from proving his case or from establishing facts sufficient to impose liability on the contrary party. We also accept that the application of the doctrine does not alter the rule that the plaintiff has the burden of the proof, and we accept that the doctrine constitutes only a rule of evidence giving the court or a jury the right to infer that negligence existed due to the manner and special circumstances in which the accident occurred, and that such an in-

ference may be destroyed by the defendant's evidence. Now, we allege that once enough facts have been established which show prima facie that at some time and in some way defendant has been negligent, even though the specific acts or the specific omission constituting such negligence have not been mentioned — for otherwise the accident would never have occurred, as it is not apt to occur in the normal course of events—a case is established in which the doctrine of *res ipsa loquitur* is applicable, and if the defendant does not appear and furnish a satisfactory explanation of the occurrence, the inference of negligence must prevail.''

In brief, ''the doctrine cited. [*res ipsa loquitur*] authorizes but does not bind a court to deduce that there was negligence under the circumstances in which the accident occurred.'' (*Rodríguez* v. *White Star Bus Line,* 54 P.R.R. 294, 98, matter in brackets ours; *Aldiba* v. *Porto Rico Ry. L. & P. Co.,* 41 P.R.R. 75). *Res ipsa loquitur* does not compel a favorable verdict for the plaintiff. It only entitles him to a finding of fact on that issue by the ultimate trier of facts (*Sweeney* v. *Erving, supra*). Here the lower court, acting in that capacity, found on the basis of testimony which it was entitled to believe that there had been no negligence on the part of the defendant. Under those circumstances the inference of negligence raised by the application of the doctrine of *res ipsa loquitur* is rebutted. Consequently, we are not at liberty to set aside the judgment herein.

The judgment of the district court will be affirmed.