GERMÁN HERMIDA SOTOMAYOR, ETC., demandante y apelante, *v.* JUAN FELICIANO SÁNCHEZ, demandado y apelado.

Núm. 8489.—*Sometido:* Febrero 10, 1943. *Resuelto:* Mayo 18, 1943.

56

*C. Santana Becerra* y *Pedro Juan Alcalá*, abogados del apelante; *F. Prieto Azúar*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El demandante, un menor, fué lesionado cuando el aro de una de las ruedas de un camión, perteneciente al demandado, que estaba estacionado cerca de la acera de una calle pública, súbitamente se desprendió del camión como resultado de una explosión de la rueda trasera izquierda, golpeando al demandante, que estaba parado en la acera. La corte de distrito, después de un juicio en los méritos, dictó sentencia a favor del demandado, y el demandante ha apelado.

La corte de distrito, citando los casos de *Sweeney* v. *Erving*, 228 U. S. 233, *Bolin* v. *Corliss Co.*, 159 N. E. 612 (Mass., 1928), *Candelas* v. *Gándara*, 42 D.P.R. 305, y *Villarán* v. *Loíza Sugar Co.*, 40 D.P.R. 741, resolvió que la doctrina de *res ipsa loquitur* no era aplicable a los hechos de este caso. No hay ninguna medida de práctica que ofrezca una contestación mecánica y automática a este problema. Las cortes se limitan virtualmente a resolver cada caso por sus hechos particulares. Ésta "se ha aplicado a una gran diversidad de situaciones. Encuentra aplicación corriente en el caso de objetos que caen de o sobre la propiedad de los demandados, tales como ladrillos, piedras, o cristales de ventanas; ascensores que se desploman; lesiones provenientes de alambres o accesorios eléctricos; el escape de gas o agua

de las cañerías del demandado; *la explosión de calderas u otros objetos bajo el control del demandado;* el súbito arranque de maquinarias; lesiones a pasajeros por causas dentro del control del porteador, tales como descarrilamientos o defectos en el equipo; algunos accidentes de automóviles, tales como los que se suben a la acera o los que chocan con objetos estacionados, o los que continúan su marcha después de habérseles dejado estacionados en la calle; muchos casos de tratamiento perjudicial, tales como lesiones a los dientes por dentistas, objetos dejados en el cuerpo de los pacientes después de haber sido operados, o quemaduras de rayos-X; comestibles en malas condiciones en envases sellados, y la explosión o rotura de los propios envases; y muchos otros sucesos similares." (Prosser *on Torts*, §43, págs. 293, 4, 5.) (Bastardillas nuestras.)

Muchas veces se olvida que la doctrina de *res ipsa loquitur* es una regla de evidencia—nada más y nada menos. Si bajo los hechos de un caso específico, es correcto invocarla, ni añade elemento alguno al caso del demandante ni perjudica la posición del demandado, en cuanto a la prueba se refiere. Lo que hace es disponer que, una vez se han establecido los hechos que justifican su aplicación, el demandante está relevado de la regla general que le exige probar previamente la negligencia del demandado. En su lugar, surge una presunción de negligencia, como cuestión de evidencia circunstancial, sin que medie prueba directa para ello, y el peso de continuar con la prueba es trasladado en ese momento al demandado quien debe demostrar que empleó el debido cuidado. A este efecto, véanse Prosser *on Torts*, §43, pág. 291 et seq.; 9 Wigmore *on Evidence*, 3ra. ed., §2509, pág. 377, y el Suplemento de 1943; *Application and Effect of Res Ipsa Loquitur*, 23 Calif. L. Rev. 169.

Se ha convenido generalmente en cuanto a la necesidad de la concurrencia, por lo menos, de tres requisitos para la aplicación de *res ipsa loquitur:* "(1) el accidente debe ser de tal naturaleza que ordinariamente no ocurra en ausencia

de negligencia por parte de alguna persona; (2) debe ser causado por una agencia, o instrumentalidad dentro del control exclusivo del demandado; (3) no puede haber sucedido debido a acción voluntaria alguna o negligencia contribuyente del demandante." (Prosser *on Torts*, §43, pág. 295).

En el presente caso la única cuestión seria es en cuanto al primer requisito. Los casos, como el de *Bolin* v. *Corliss*, supra, en los cuales descansa el demandado, pueden distinguirse de los hechos envueltos en el presente caso en que las explosiones (*blowouts*) y otros accidentes ocurrieron mientras los automóviles estaban en marcha. Puede muy bien ser que tales sucesos como explosiones (*blowouts*) bajo tales circunstancias, ocurren ordinariamente sin que medie negligencia. Pero no estamos preparados para decir que una explosión de una goma de un camión estacionado, que resulte en el desprendimiento del aro de una rueda, puede ocurrir como un caso ordinario, a menos que medie alguna negligencia anterior. Como lo indica Prosser (págs. 296–7) "Como cuestión de conocimiento general hay muchos accidentes que pueden ocurrir con frecuencia sin culpa de nadie; explosiones (*blowouts*) de gomas y patinazos de automóviles . . . Por otro lado hay sucesos que por sí mismos demuestran negligencia. . . . Cuando un puesto de gasolina estalla misteriosamente, surgen muchas explicaciones posibles, pero la más probable es que hubo negligencia de parte de los que estaban a su cargo. Todo lo que se exige es que hombres razonables puedan afirmar que, consideradas todas las circunstancias, es más probable que hubo negligencia envuelta en la causa que afirmar que no hubo." Véase Anotación en 93 A.L.R. 1101. Por tanto creemos que bajo las circunstancias del presente caso, la doctrina de *res ipsa loquitur* debió aplicarse.

En cuanto al caso de *Candelas,* supra, es suficiente decir que la doctrina de *res ipsa loquitur* ni siquiera se consideró en dicho caso; y en cuanto al caso de *Villarán,* supra, como

en casi todos los casos en los cuales ha surgido esta cuestión, los hechos eran diferentes a los del presente, y por tanto el caso no es aplicable

Sin embargo, en Puerto Rico, donde los pleitos civiles se ventilan ante el juez y no ante un jurado, la doctrina de *res ipsa loquitur* no tiene la misma importancia que en los Estados Unidos continentales donde el jurado resuelve los hechos en tales casos. Como hemos visto, *res ipsa loquitur* es una regla de evidencia. Toda vez que puede usarse por el demandante en lugar de la evidencia de negligencia, su principal propósito es darle una oportunidad al demandante de evitar un veredicto por instrucción y plantear el conflicto de prueba al jurado para que éste determine los hechos. Por otro lado, en Puerto Rico, aunque desde luego es propia una moción de sobreseimiento al finalizar el caso del demandante, no es tan importante como en los estados donde existe el derecho común, considerando el hecho de que, aun al declararse sin lugar, el juzgador de los hechos—el juez que preside—sigue siendo el mismo. Esta situación se ilustra por el presente caso. Aquí no hubo moción alguna al finalizar el caso del demandante. Por el contrario, el demandado prosiguió con su caso, en un esfuerzo para probar que recientemente había comprado y colocado un tubo nuevo dentro de la goma en cuestión, que ésta estaba en buenas condiciones, que sus empleados la habían inspeccionado debidamente, y mediante testimonio pericial, en cuanto a las probables causas de la explosión, incluyendo defectos latentes de fábrica, que no podía atribuírsele negligencia al demandado.

Después de oír la prueba del demandado, la corte de distrito resolvió que ''Por la evidencia, la única conclusión que podemos llegar es que el accidente se debió a algún defecto en el aro, en la goma, o en el tubo, del cual el demandado no tenía conocimiento, y que el mismo fué un accidente desgraciado, sin que hubiera mediado culpa o negligencia por parte del demandado.''

Por tanto, el resultado final es que la corte inferior concluyó erróneamente que en este caso la doctrina de *res ipsa loquitur* no era aplicable. Pero, toda vez que eso no obstante procedió a oír en detalle la evidencia del demandado, concluyendo que el demandado no había sido negligente, la corte inferior, aunque en realidad no invocaba la doctrina de *res ipsa loquitur,* en efecto práctico no se desvió de ella. Los propios abogados del demandante establecen este punto. Dicen en su alegato: "Aceptamos que la aplicabilidad de esta doctrina no releva a un demandante de probar su caso ni de establecer hecho suficiente para demandar responsabilidad a la parte contraria. Aceptamos también que la aplicación de la doctrina no cambia la regla del peso de la prueba por parte del demandante y aceptamos que la doctrina sólo constituye una regla de evidencia que da derecho a la corte o a un jurado a inferir que ha existido negligencia en la ocurrencia de un accidente por la forma y circunstancias especiales en que éste ha ocurrido, y que como inferencia al fin, puede ser destruída por el demandado con prueba a tal efecto. Ahora bien, sostenemos que establecidos suficientes hechos que prima facie demuestren que en algún momento o en alguna forma ha habido negligencia por parte de un demandado, aunque no se señalen los hechos específicos o la omisión específica constitutivos de esa negligencia, porque de lo contrario, el accidente no hubiera ocurrido porque no suele ocurrir en el desenvolvimiento normal de las cosas, se establece un caso en que la doctrina de *res ipsa loquitur* es aplicable y si el demandado no comparece y da una explicación satisfactoria de tal ocurrencia, la inferencia de negligencia debe prevalecer."

En resumen, "la citada doctrina [*res ipsa loquitur*] autoriza pero no obliga al tribunal a deducir que hubo negligencia de la simple relación de las circunstancias bajo las cuales ocurrió el accidente". (*Rodríguez* v. *White Star Bus Line,* 54 D.P.R. 310, 13–14, materia en corchetes nuestra; *Aldiba* v. *P. R. Railway, Lt. & P. Co.,* 41 D.P.R. 75). La

teoría de *res ipsa loquitur* no hace obligatorio un veredicto favorable para el demandante. Sólo le da derecho a una conclusión a ese efecto por el último juzgador de los hechos. (*Sweeney* v. *Erving,* supra). Aquí la corte inferior, actuando en tal capacidad, resolvió a base del testimonio que tenía derecho a creer que no había mediado negligencia de parte del demandado. Bajo tales circunstancias, la inferencia de negligencia levantada por la aplicación de la doctrina de *res ipsa loquitur* fué refutada. En su consecuencia, no estamos en libertad de revocar la sentencia en este caso.

*La sentencia de la corte de distrito será confirmada.*