AGUSTINA MANGUAL, por sí y en su carácter de madre con patria potestad y en representación de sus menores hijas JOSEFA ANTONIA e INÉS MARÍA MANGUAL Y MANGUAL, demandantes y apelantes, *v.* MUNICIPIO DE AÑASCO, demandado y apelado.

Núm. 8738.—*Sometido:* Diciembre 17, 1943. *Resuelto:* Febrero 17, 1944.

*Amador Ramírez Silva,* abogado de las apelantes; *Ildefonso Freyre,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

La viuda e hijos de Eladio Mangual instituyeron este pleito de daños y perjuicios por la muerte de Mangual debido a la alegada negligencia del Municipio de Añasco. Los demandantes han apelado de la sentencia dictada por la corte de distrito a favor del demandado.

Nos remitimos primeramente a la contención de que la corte inferior cometió error al apreciar la prueba. La prueba de ambas partes era al efecto de que Mangual caminaba por una carretera de Añasco y fué electrocutado al hacer contacto con un alambre eléctrico de alta tensión.

Sin embargo, existió conflicto en la prueba en cuanto a la manera en que Mangual hizo contacto con el alambre. La

prueba de los demandantes fué que Mangual regresaba a su casa por la carretera; que se echó hacia la orilla para defenderse de un camión que venía en dirección contraria a excesiva velocidad; que la velocidad del camión aparentemente movió el alambre que se había roto, caído y estaba colgando de un árbol; y que al pasar el camión, el alambre le cayó encima a Mangual quien lo agarró en un vano intento de apartarlo del cuerpo.

Por otro lado, Julio Angel Montalvo, empleado del demandado, declaró que al ser informado de que se había roto un alambre, se personó en al sitio del suceso; que vió un grupo de personas en dicho sitio; que les gritó que no tocaran el alambre, que estaba en una zanja; que Mangual contestó, "Eso no hace nada", tocó el alambre con su mano izquierda e instantáneamente fué electrocutado. La declaración de Montalvo fué corroborada por otros testigos que también eran, excepto uno, empleados del demandado.

No tenemos duda de que bajo la regla establecida en *Rosado* v. *Ponce Railway & Light Co.*, 18 D.P.R. 609, *Orta* v. *P. R. Railway, L. & P. Co.*, 36 D.P.R. 743, y *Sucn. Matheu* v. *Municipio*, 56 D.P.R. 539, los demandantes podrían invocar la doctrina de *res ipsa loquitur* en este caso. Pero como dijimos en *Hermida* v. *Feliciano*, 62 D.P.R. 55, *res ipsa loquitur* es meramente una regla de evidencia. En el presente caso desempeñó el papel de prueba de negligencia por parte del demandado. Nuestra dificultad aquí estriba en que la corte inferior dió crédito a la prueba de que Mangual deliberadamente se metió en el asunto y tocó el alambre para demostrar que era inofensivo. Ciertamente tal conducta, de haberse observado, fué negligencia contribuyente que bastaría para impedir se recobraran daños. La corte de distrito resolvió que se observó dicha conducta. Toda vez que la prueba sobre este punto fué contradictoria, está fuera de nuestra incumbencia intervenir con dicha conclusión de hecho de la corte inferior.

Esta corte ha ido considerablemente lejos para sostener sentencias a favor de los demandantes en casos de electrocución provenientes de contacto con alambres de alta tensión pertenecientes a empresas que se dedican al suministro de energía eléctrica al público. Un ejemplo notable es el reciente caso de *Sucn. Matheu* v. *Municipio,* supra. Pero no estamos llamados a examinar de nuevo ahora el lenguaje empleado en dicho caso, particularmente a las págs. 547, 48, toda vez que el caso de *Matheu*, por sus hechos, se distingue fácilmente del presente. Allí la corte inferior resolvió que el alambre obstruía la carretera por la que transitaba el finado y que por tanto no era culpable de negligencia contribuyente al tratar de apartarse de su ruta. Aquí nos encontramos que la corte de distrito le da crédito a la prueba de que el finado voluntariamente abandonó su ruta para tocar el alambre de alta tensión simplemente para demostrar que era inofensivo. (*cf. Dunagan* v. *Appalachian Power Co.,* 11 F. (2d) 65, (C.C.A., 4th, 1926) ).

En vista del resultado a que hemos llegado, no hay necesidad de entrar de lleno en la conclusión de la corte de distrito de que de todos modos el pleito debió haberse entablado contra El Pueblo de Puerto Rico más bien que contra el Municipio de Añasco.

*La sentencia de la corte de distrito será confirmada.*