Aponte Jiménez, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
El co-demandado-peticionario, Municipio de Ponce, en el recurso Núm. KLCE-98-00596 nos solicita que revoquemos la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, mediante la cual dicho foro le denegó una moción, por vía de "nonsuit", para desestimar la demanda presentada en su contra al amparo de la Regla 39.2(c) de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 39.2(c). De otro lado, los terceros demandados H.M. Construction y General Accident Insurance Co., también solicitan lo mismo en el recurso Núm. KLCE-98-00597. Ambos se basan en que el foro de instancia incidió al determinar que es de aplicación la doctrina de res ipsa loquitur, procediendo a señalar el caso para vista con el propósito de que el Municipio de Ponce y los terceros demandados presentaran prueba y así poner al tribunal en condiciones de resolverlo. Por tratarse de una misma resolución que abarca alegaciones de la misma parte demandante a ambos recursos (Núm. KLCE-98-00596 y Núm. KLCE-98-00597) y donde se levantan los mismos planteamientos apoyados en una misma cuestión de Derecho, los consolidamos. Así consolidados y luego de examinar los alegatos del Municipio de Ponce, de H.M. Construction y General Accident, conjuntamente con la resolución cuya revocación se solicita, y a la luz del derecho aplicable, se deniega el auto solicitado en ambos casos por las razones que a continuación exponemos.
Los hechos pertinentes fueron aquilatados y determinados por el tribunal de instancia en base a la prueba desfilada por la parte demandante-recurrida. La evidencia presentada por dicha parte en la vista del caso en su fondo, según lo determinó el tribunal, consistió en el testimonio del menor perjudicado, en el de sus padres y en el de un médico que lo examinó en la etapa de recuperación. El menor estableció que se encontraba parado al frente de la estructura cuando la misma colapsó "pillándose una pierna". El testimonio de su padre consistió básicamente en demostrar las condiciones de la estructura y quién ordenó su construcción. Expresó éste último que al llegar al lugar del *778 accidente vio a su hijo acostado en el pavimento boca arriba y sangrando profusamente. Observó que la estructura de la parada estaba inclinada hacia el suelo con su base partida y mohosa. Expresó, además, tener conocimiento de que dicha caseta o estructura fue construida por órdenes del Municipio de Ponce, ya que durante su construcción allí había un rótulo que así lo expresaba. La madre del menor expresó todo lo relacionado al cuido y el seguimiento del tratamiento médico dado al menor en la residencia, así como los daños físicos y mentales sufridos por él y las angustias mentales padecidas por ella y su esposo al ver a su hijo en dicha condición. El médico que lo examinó describió el alcance de los daños físicos o lesiones y la incapacidad del menor como resultado del accidente.
Con el testimonio de estos cuatro testigos, la parte demandante sometió su caso. Es entonces que los peticionarios, Municipio de Ponce, H.M. Construction y General Accident Insurance Co., éstos dos últimos terceros-demandados, presentaron una moción solicitando la desestimación de la demanda al amparo de la Regla 39.2(c), supra. Se basaron en que la parte demandante no había demostrado la negligencia de los demandados y que los daños sufridos fueron como consecuencia de actos negligentes y culposos del co-demandante, Javier Gutiérrez García. La parte demandante alegó entonces que había prueba que relacionaba a los demandados con los daños y que por ello no venía obligada a probar con precisión matemática su caso, sino por preponderancia de la prueba. Alegó, además, que en este caso se aplicaba la doctrina de res ipsa loquitur y que estaban presentes todos sus requisitos. El Municipio de Ponce y los terceros demandados H.M. Construction y General Accident alegaron que la doctrina de res ipsa loquitur no aplicaba en este tipo de caso.
El tribunal recurrido acogió la tesis de la parte demandante. Denegó la moción para desestimar. Inconforme, el Municipio de Ponce, H.M. Construction y General Accident Insurance Co., acuden ante este Foro en los recursos separados antes aludidos. Le imputan al tribunal recurrido haber incurrido en error al determinar que es de aplicación la doctrina de res ipsa loquitur y al negarse a desestimar la demanda. De los autos no surge que los referidos peticionarios cuestionen que el Municipio de Ponce fuera responsable por la construcción de la caseta o de su mantenimiento. A esos fines, omiten someternos la contestación a la demanda del Municipio y la demanda contra tercero presentada por dicha parte.
Ante esos hechos, aplicamos el Derecho. La frase res ipsa loquitur literalmente significa "la cosa habla por sí sola". H. M. Brau del Toro, Los daños y perjuicios extracontractuales en Puerto Rico, San Juan, Publicaciones J.T.S., 1986, Vol. 1, pág. 395. El Tribunal Supremo de Puerto Rico, en Hermida v. Feliciano, 62 D.P.R. 55 (1943) señaló que la doctrina de res ipsa loquitur no es más que una regla de evidencia que dispone que una vez el demandante establece los hechos que justifican su aplicación, queda relevado de probar la negligencia del demandado, surgiendo en su lugar una inferencia permisible de negligencia cuyo efecto es pasar al demandado el peso de demostrar que empleó el debido cuidado. Es de aplicación si concurren los siguientes requisitos:

"(1) el accidente debe ser de tal naturaleza que, de ordinario, no ocurre en ausencia de negligencia por parte de una persona; (2) el mismo debe ser causado por una agencia o instrumento dentro del control exclusivo de la parte demandada, y (3) dicho accidente no puede haber ocurrido debido a acción involuntaria [voluntaria] alguna o negligencia del que demanda o reclama." 

Marrero, Marrero, Ríos v. Albany Ins. Co., 124 D.P.R. 827, 831 (1989); Martínez Mattei v. Montañez, 98 D.P.R. 726 (1970); Díaz Mójica v. Gob. de la Capital, 93 D.P.R. 467 (1966).
De lo anterior se colige que la aplicación del referido concepto sólo crea una inferencia permisible de negligencia que autoriza, pero no obliga al juzgador a concluir que hubo negligencia. Marrero, Marrero, Ríos v. Albany Ins. Co., supra, pág. 831. Requiere como mínimo la necesidad de establecer una probable relación causal entre el daño y la negligencia. Burgos Quiñones v. Autoridad Fuentes Fluviales, 90 D.P.R. 613 (1964). La doctrina no es aplicable cuando de los hechos surge que hay alguna otra causa probable del accidente de la cual puede inferirse que no hubo negligencia. Nieves v. López Rexach, 124 D.P.R. 427 (1989)
De la resolución recurrida se desprende que conforme a la prueba presentada por los demandantes-recurridos, el foro de instancia entendió que la doctrina de res ipsa loquitur es de aplicación al presente caso. Entendemos que tiene razón. Los hechos determinados por el foro de *779 instancia acreditan que efectivamente los tres requisitos necesarios para que se active la inferencia permisible de negligencia en contra de los demandados están presentes. Primero, no hay duda de que el accidente sobrevenido fue uno que de ordinario no hubiese ocurrido a no ser por la negligencia o descuido de la parte demandada, ya sea en la construcción de la caseta o al dejar de cumplir su obligación de inspeccionar y mantener dicha estructura en condiciones propias para su uso destinado. La prueba aportada por la parte demandante-recurrida demostró que la misma estaba mohosa en su base partida. Segundo, se probó que el daño fue causado por una estructura construida por órdenes del Municipio. Tercero, la prueba aportada, según la resolución emitida, no refleja que el menor perjudicado tuviese que ver con el desprendimiento de dicha estructura.
Alegan los peticionarios que el tribunal de instancia erró al determinar que era de aplicación la doctrina de res ipsa loquitur ya que los demandantes-recurridos fallaron en establecer la negligencia de la parte demandada mediante el peso de la prueba que le corresponde establecer. No es así. De acuerdo a la prueba de los demandantes-recurridos, creída por el tribunal, el menor co-demandante se encontraba parado al frente de la caseta cuando la misma colapsó "pillándole una pierna". De la misma forma, surge de la resolución recurrida que en el presente caso no se probó otra causa probable del accidente, por lo que el tribunal de instancia puede, de acuerdo a la referida doctrina, inferir la negligencia del Municipio como medida procesal a los fines de trasladar al demandado el peso de continuar con la prueba para demostrar que empleó el debido cuidado. Como muy bien concluyó el tribunal recurrido, en el curso ordinario de los eventos humanos resulta un tanto extraño que una estructura se colapse por sí sola sin que medie negligencia de alguna parte.
Bajo las circunstancias narradas, puede aplicarse la doctrina de res ipsa loquitur e inferirse la negligencia. Una vez el demandante establece los hechos que justifican la aplicación de la doctrina, como se ha demostrado en el presente caso, se crea una inferencia a su favor la cual le releva de tener que cumplir con la regla general que le exige probar la negligencia de la parte demandada, pasando entonces a esta última el peso de demostrar que empleó el debido cuidado. Véanse, Marrero, Marrero Ríos v. Albany Ins. Co., supra; Ramos v. A.F.F., 86 D.P.R. 603 (1962); Martínez Mattei v. Montañez, supra; Sociedad de Gananciales Huyke Souffront v. Hospital Presbiteriano, 88 D.P.R. 391 (1963); Hermida v. Feliciano, supra. La prueba admitida y aquilatada por el tribunal de instancia, como hemos visto, estableció los hechos que justifican la aplicación de la doctrina como regla de evidencia, por lo tanto corresponde la parte demandada demostrar, si así lo interesa, que empleó el debido cuidado, o que el daño causado no se debió a su negligencia al construir la caseta o dejar de cumplir con su obligación de inspeccionar y mantenerla de forma segura para el uso destinado.
Ahora bien, hay que mantener presente que la aplicación de la doctrina de res ipsa loquitur sólo crea una inferencia permisible, no una presunción mandatoria en casos donde los hechos reflejan evidencia circunstancial de negligencia.
Aunque su aplicación ciertamente derrota la posibilidad de un "nonsuit" - Harper, James & Gray, The Law of Torts, Little Brown and Co., Boston, Toronto, 1986, Vol. 4, Sec. 19.11; Ramos v. Aut. Fuentes Fluviales, supra, pág. 612 dicha inferencia no obliga al juzgador a concluir finalmente que hubo negligencia. Tampoco al demandado a presentar prueba. Compete al juzgador, no obstante haber determinado que es de aplicación la doctrina, luego de sopesar la evidencia presentada finalmente --incluyendo la explicación del demandado, si la hubiese-- determinar el aspecto de la negligencia fundado en si la probabilidad de la existencia de negligencia del demandado es mayor que la ausencia de la misma, debiendo los hechos proporcionar una base para establecer tal inferencia. Brau del Toro, ob. cit., pág. 397. Asimismo, podrá llegar a aquellas conclusiones e inferencias razonables que estén justificadas por la preponderancia de la evidencia, a base de su propia experiencia y según surjan de los hechos que considere o estime probados.
Por los fundamentos antes expuestos, denegamos la expedición del auto de certiorari solicitado. Se ordena al foro recurrido continuar con los procedimientos de forma compatible con lo aquí expuesto.
Lo acuerda el tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General