STOHLMAN, Respondent, vs. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.*

*June 3—June 20, 1952.*

---

* Motion for rehearing denied, with $25 costs, on September 16, 1952.

For the appellant there were briefs by *Benton, Bosser, Becker, Parnell & Fulton* of Appleton, and oral argument by *David L. Fulton.*

*Walter H. Brummund* of Appleton, for the respondent.

FRITZ, C. J.  The policy indemnified plaintiff against bodily injury and property liability; and there were also (so far as material) the following provisions:

"Coverage D—*Comprehensive Loss of or Damage to the Automobile, Except by Collision or Upset.*  To pay for any direct and accidental loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached.  Breakage of glass and loss caused by missiles,

falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot, or civil commotion shall not be deemed loss caused by collision or upset."

The policy further contained the following "Exclusions," among others: This policy does not apply:

"(j) Under coverages D, E, F, G, and H, to any damage to the automobile which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, negligent repair or service, or loss of tools or repair equipment, unless such damage or loss is the direct result of a theft, covered by this policy, of the entire automobile; . . .

"(l) Under coverages D, E, F, and G, to tires unless damaged by fire or stolen or unless such loss be coincident with other loss covered by this policy."

On January 16, 1951, plaintiff's car was equipped with General tires with approximately four thousand miles on them and puncture-proof-type tubes. On that morning, as plaintiff was backing his car out of his driveway, he became stuck in a snowbank about twelve inches high at a point a few feet short of the sidewalk with his right rear wheel. He proceeded to alternate between forward and reverse with the purpose of wearing through the snow and ice down to a solid footing. As he did so, his left rear wheel and the front wheels remained stationary with only the right rear wheel and its tire turning. The speed at which he caused that wheel to revolve was very great. At one point he glanced at the speedometer and saw that it registered one hundred miles per hour. There was expert testimony that with only one wheel turning the actual speed of the moving wheel is double that shown on the speedometer. He continued in this process for four or five minutes when he suddenly heard a "terrific noise" to the rear of his car. This happened about at the point where his speedometer registered the one hundred miles per hour figure.

He went back of the car to examine the damage and found that the tire had gone entirely off the wheel and was wedged

in between the wheel and the body of the vehicle. The tire itself was completely severed laterally at an angle of about thirty degrees so as to resemble an automobile piston ring.

The testimony shows there was no evidence that the tire blew out or was ruptured. The damage appears to be more in the nature of a slicing or cutting. The inner tube was undamaged except that the valve stem was ripped out of it. The upper part of the trunk of the car had a hole in it about a foot and one-half wide, the rear quarter panel was wrinkled, there was a split in the trunk cover and the trunk lid was out of line.

It is undisputed that none of this damage either to the tire itself or to the car was occasioned in the initial backing into the snowbank. The exact nature of the occurrence is not known. Plaintiff theorized that, inasmuch as the valve stem in that particular model protrudes from the hubcap, the terrific speed at which this wheel was being operated caused the hubcap to somehow slip and pull out the valve stem allowing the tire to deflate. With the tire deflated it would readily come off the wheel, be whipped up against the car, and be cut as it was found after the incident, at the same time causing the damage to the car itself. In this analysis plaintiff was corroborated by a tire·dealer; both the plaintiff and his expert also suggested the possibility that the heat generated by the high speed might have caused the failure of the valve stem with the ensuing damage to the casing of the tire.

Defendant contends that the comprehensive clause of the policy affords the plaintiff no coverage for the reasons that: (1) It is specifically excluded under the above-quoted Exclusion (j) as due to a "mechanical . . . breakdown or failure;" (2) it was not an "accidental loss" within the meaning of the insuring clause but was the direct and natural result of a deliberate abuse by the insured himself of the car; (3) it is excluded under Exclusion (1), at least in part, as damage to the tire.

On the other hand, plaintiff contends that,—as found by the trial court,—the accident was not due to mechanical failure or breakdown; but was due to an accidental explosion which damaged the tire, tube, fender, and body of the car. The burden of proving mechanical failure or breakdown was on defendant, but there was no evidence or finding that the tire was defective or that the accident was due to any mechanical failure or breakdown. Under the circumstances the evidence warranted the court's findings that:

". . . while the plaintiff was in the process of trying to drive his automobile from a snowbank in which the right rear part had become lodged, the right rear tire exploded and damaged the tire and tube, the right rear fender, fender housing, fender guard, and body of the automobile; that the inside of the trunk was damaged and it had a hole in it about a foot wide with the metal pushed up into the trunk. That by reason of such incident the plaintiff suffered direct and accidental damage in the sum of $204.68; that of such amount $78.68 is damage to the tire and tube. That the damage to the tire and tube was coincident with the damage to the body of the vehicle. That the damage to the plaintiff's automobile was direct and accidental, not as the result of collision or upset and falls within the terms of the comprehensive coverage of said insurance policy; and that none of the exclusions [under the policy] applies to the instant case nor bars recovery."

Consequently, as the court found that the cause of the accident was the explosion of the tire and not any mechanical failure or breakdown, it matters not whether the casing was severed by the explosion or torn later and in the chain of causation slapped the body metal with such force as to damage it. The important part of the court's finding is that the evidence factually established an explosion rather than mechanical failure as the primary and immediate cause.

The court's finding that the cause was other than mechanical failure or breakdown is further supported by the obvious

fact that the vehicle neither broke down nor failed. It was still capable of being operated after the explosion.

Of plaintiff's total loss of $204.68, $78.68 was for loss to the tire and $126 was for other loss. As the court found that the entire damage was due to the explosion, the other damage is covered by the policy. Such being the case, the damage to the tire is also covered because such damage is "coincident with other loss covered by this policy."

*By the Court.*—Judgment affirmed.

FAIRCHILD, J., took no part.