MARY VAN STEENBERGEN *vs.* FRANCIS E. BARRETT.

Suffolk.    March 5, 1934. — May 25, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, & LUMMUS, JJ.

*Negligence*, Motor vehicle, In use of way. *Evidence*, Competency; Opinion: expert.

At the trial of an action for personal injuries sustained by a pedestrian on a street when a wheel came off a motor truck of the defendant and struck the plaintiff, testimony by an automobile mechanic who had worked on the wheel previous to the accident, in which he gave his opinion that the wheel was not "a safe wheel to be attached, having in mind the way it was attached to this particular truck," and stated his reasons for his opinion, properly was admitted: the trial judge properly could have found that the witness was qualified to express such an opinion.

At the trial of an action for personal injuries sustained by a pedestrian on a street when one of the dual rear wheels of a motor truck owned by the defendant came off, rolled down the street and struck the plaintiff, there was evidence that the defendant purchased the truck about two months previous to the accident; that every few days during the period from about two weeks after the purchase to the time of the accident it was necessary to have the rear wheels tightened at a repair station; that in the morning of the day of the accident the wheel which struck

the plaintiff was loose and the truck was sent to have the wheel repaired; that it wás delivered to the defendant about noon on that day; that the accident occurred in the afternoon, after the truck had been operated about twenty miles; and that, previous to the accident, the defendant had complained of the trouble which he had had with the wheels of the truck and of the constant repairs which had to be made thereon. A mechanic, who had worked on the wheels and was familiar with them, testified that he had discussed the matter of the wheels with an agent of the defendant previous to the accident and that he was of opinion that the wheel in question was not "a safe wheel to be attached." *Held,* that

(1) A finding was warranted that the defendant knew, or in the exercise of reasonable care should have known, that the wheel in question might come off and thereby cause damage;

(2) In the circumstances, it was the defendant's duty, before using the truck, to apply every reasonable test to discover whether the wheel was in a safe condition for use;

(3) It was proper to refuse a ruling requested by the defendant that, as a matter of law, he was not negligent if, after he received the truck back from the repairman on the day of the accident, "his vehicle or the wheel did not operate in an unusual manner so as to give him knowledge that a defective condition existed";

(4) A finding that the defendant was negligent was warranted.

TORT. Writ dated October 14, 1929.

The action was tried in the Superior Court before *Bishop*, J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $1,800. The defendant alleged exceptions.

*Joseph Wentworth,* for the defendant.

*B. J. Killion,* for the plaintiff.

CROSBY, J. This is an action of tort to recover for personal injuries received by the plaintiff. The declaration alleged that while she was on Washington Street, in Boston, and in the exercise of due care, a wheel came off a motor truck and injured her owing to the negligence of the defendant, his servants and agents in the operation, control and inspection of the truck. It was admitted at the trial that at the time of the accident the driver of the truck was in the employ of the defendant and engaged in his business. It is conceded by the defendant that the plaintiff was in the exercise of due care.

The rear wheels of the truck were equipped with dual wheels, one of which came off the left rear axle and rolled

down the street, up onto the sidewalk, struck the plaintiff, who was looking in a store window, and knocked her down. There was evidence that each of these wheels was attached to the rear wheels of the truck by five bolts through the hubs and a nut was then placed on the outside. The truck was sold by the Hyde Park Motors, Inc. to the defendant about two months before the accident. The dual wheels were purchased from the Springfield Commercial Body Company and were applied by that company to the truck after it had been bought by the defendant on April 15, 1929. One Norton testified that he was an automobile mechanic employed by Hyde Park Motors, Inc.; that after the truck had been running about two or three weeks the driver complained about the rear wheels; that the company took them off, reset and tightened them up; that a dual wheel is two wheels "hooked up" together; that the company changed the position of the tires, placing the outside tire inside the other; that before the accident the truck was brought to the service station once or twice a week to have the wheels tightened; that the nuts or bolts on the wheels continued to loosen at the hub and shear off; that the lugs had to be kept tight to prevent them shearing off, because if the bolts were cut off the wheel would fall; that he had discussed with the drivers of the truck who worked for the defendant the cause of the trouble with the wheels, and also discussed this matter with one Driscoll who was in the defendant's employ, drove the truck, and in the absence of the defendant did his general work.

The witness was permitted to state, subject to the defendant's exception, the conversation he had with Driscoll. We are of opinion that this evidence was competent. Subject to the defendant's exception the witness was also permitted to state that he had formed an opinion as to whether the truck equipped with these wheels was a safe truck to have on the highway at the time of the accident. He was then asked for his opinion and the defendant objected. He was then asked: "Was this wheel . . . a safe wheel to be attached, having in mind the way it was attached to this particular truck?" His answer was, "No." When

requested to give his reasons for his previous answer he said: "This particular type of wheel, as I explained how it was attached . . . had a tendency to loosen up the lugs, and two or three lugs became loose, the truck was rolling twenty-five or thirty miles an hour, or even slower, the brakes were put on, had a tendency to shear the bolts right off." The admission of this testimony was not erroneous. The witness as an automobile mechanic, who was familiar with the wheels on this truck and had worked upon them, could properly have been found by the trial judge to be qualified to express an opinion respecting the matters concerning which he testified. *Coulombe* v. *Horne Coal Co.* 275 Mass. 226, 229. *Monaghan* v. *Keith Oil Corp.* 281 Mass. 129, 137.

The witness Norton further testified to a conversation he overheard between the defendant and some one in his place of business on a day prior to the accident; that the defendant then said he had a lot of trouble with this truck and he wanted to know why it could not be repaired "without it breaking down and having to come in every two or three days for service, and that he also said something about why they had to keep tightening the wheels . . . ." There was evidence that the left rear wheel on the truck was defective within two weeks after the defendant purchased it on April 15, 1929; that it was sent to the seller every few days to have these wheels tightened. On May 15, 1929, it was sent to the Springfield Auto Body Company because of trouble with this same wheel. On the evening of June 9, 1929, the day before the accident, the same rear wheel was loose, and on instructions from the defendant the truck was taken by the driver to the same company for repairs on the morning of June 10, and two lugs which were loosened were taken out of the left rear wheel and were replaced by two new lugs, and the truck was delivered to the driver about noon. It was operated that day, for a distance of about twenty miles, until about 4:45 o'clock in the afternoon when the left rear wheel came off, rolled down the street and struck the plaintiff.

At the conclusion of the evidence the defendant filed a

motion for a directed verdict which was denied subject to the defendant's exception. The defendant also excepted to the refusal of the judge to give his eighth request as follows: "That the defendant is not negligent, as a matter of law, if his vehicle or the wheel did not operate in an unusual manner so as to give him knowledge that a defective condition existed after he received the car back from the Springfield Auto Body Company on the day of the accident."

One Nestor, a witness called by the defendant, testified that he was foreman of the Springfield Auto Body Company where repairs had been made upon the wheels of the truck, and that when it left the service station of the company on June 10 "it was perfectly all right to be driven on the road . . . ." This witness further testified that the only way in which it could be determined that the "adapter" was loose was to take the wheels off, and that no road test was given the truck after the repairs had been made. It is the contention of the defendant that in these circumstances the defendant was under no duty to make an inspection. The jury, however, were not obliged to credit the testimony of the witness Nestor, especially in view of the fact that later on the same day the repairs were made the wheel came off and struck the plaintiff. This is not a case where the defendant had no ground for belief that his truck was dangerous for use, nor reason to believe that the wheel was defective or might come off. The evidence warranted a finding that from a time about two weeks after he bought the truck up to the time of the accident the wheel on the left rear axle frequently became loose and was subjected to repairs and that such repairs were ineffectual to make the truck safe to be operated upon the public ways. In these circumstances it could be found that the defendant knew, or in the exercise of reasonable care should have known, that the wheel might be detached and thereby cause damage or injury. It results that the defendant could have been found to be negligent in permitting the truck to be operated on the highway when he knew that on many occasions repairs upon the left rear wheel had been ineffectual to remedy its defective condition. He was bound to apply

every reasonable test to discover before using the truck whether the wheel was in suitable and safe condition for use. *Brady* v. *Norcross,* 174 Mass. 442. *Buckland* v. *New York, New Haven & Hartford Railroad,* 181 Mass. 3. *Marshall* v. *Boston & Worcester Street Railway,* 195 Mass. 284, 287. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 35. The cases of *Bolin* v. *Corliss Co.* 262 Mass. 115, *Sennett* v. *Nonantum Coal Co.* 284 Mass. 390, and other cases cited by the defendant are distinguishable from the case at bar. In view of the conclusion reached the defendant's eighth request could not properly have been granted. The exceptions to the admission of evidence cannot be sustained.

As we find no error in the conduct of the trial the entry must be

*Exceptions overruled.*