PHILIP CORMIER, administrator, *vs.* HARDEN L. BODKIN.

EDWARD F. SMITH, administrator, *vs.* SAME.

HAROLD HANSON, administrator, *vs.* SAME.

ARCHIE F. SMITH *vs.* SAME.

JOHN C. SMITH *vs.* SAME.

ARTHUR W. DAVIS *vs.* SAME.

ROBERT LEIGHTON *vs.* SAME.

PHILIP CORMIER, administrator, *vs.* KATHLEEN M. BLACKADAR.

EDWARD F. SMITH, administrator, *vs.* SAME.

HAROLD HANSON, administrator, *vs.* SAME.

ARCHIE F. SMITH *vs.* SAME.

JOHN C. SMITH *vs.* SAME.

ARTHUR W. DAVIS *vs.* SAME.

Middlesex.   November 5, 1937. — May 26, 1938.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence,* Motor vehicle. *Motor Vehicle,* Registration, Trailer. *Proximate Cause.*

A finding that the breaking away of a trailer from an automobile because of its breaking of an angle iron on the trailer was caused by negligence of their owner and operator would not have been warranted where

there was no evidence of negligent operation by him or that he knew or should have known of any defect in the angle irons.

Use of an unregistered trailer by its owner on a single occasion to carry to his home merchandise purchased nearby did not show that it was a "trailer" as defined in G. L. (Ter. Ed.) c. 90, § 1, nor make its use on the highway on a later occasion unlawful under § 9.

A finding of negligence on the part of the operator of an automobile which struck one who had been thrown from a trailer broken loose from an automobile coming from the opposite direction was not warranted where, even if the operator had an opportunity to avoid him, there was no evidence that any act of the operator caused injury beyond that which already had occurred.

THIRTEEN ACTIONS OF TORT. Writs in the Superior Court with various dates ranging from May 15, 1933, to March 6, 1934.

The actions were tried together before *Donahue*, J., who ordered a verdict for the defendant in each action. The plaintiffs alleged exceptions.

*W. E. Kane*, (*W. H. Keefe* with him,) for the plaintiffs.

*J. DeCourcy*, (*A. F. Bickford* with him,) for the defendant Bodkin.

*E. R. Langenbach*, for the defendant Blackadar.

QUA, J. The first three actions against each defendant are for the deaths and conscious suffering of the plaintiffs' intestates, and the remaining actions are for personal injuries. In the actions against Bodkin the plaintiffs allege in various counts simple negligence, gross negligence, and that the defendant created a nuisance on the highway by operating a motor vehicle to which was attached an unregistered trailer. In the actions against Blackadar the administrator plaintiffs allege negligence and gross negligence, and the plaintiffs suing in their individual capacities allege only negligence. The trial judge directed verdicts for the defendants on all counts in all the declarations.

All of the cases arise out of an accident which occurred on Great Road in Bedford on March 27, 1933. The two defendants respectively were operating automobiles in opposite directions. The defendant Bodkin had attached to his automobile a two-wheeled trailer upon which was a wooden box-shaped body with low sides and ends and with-

out a top. There was evidence that this body was seven feet and three inches long by three feet and ten inches wide. Seven boys, the oldest of whom, so far as appears, was fourteen years of age, were riding in this trailer at Bodkin's invitation. As the two automobiles were about to pass, the trailer broke away from the Bodkin automobile, due to the breaking of two angle irons located under the body of the trailer, one at each of the two forward corners, which formed part of the means of attaching the trailer to the automobile. Thereupon the trailer swerved to the left of the direction in which it had been going and came into the path of the Blackadar automobile, and a collision followed. It is agreed that two of the boys were killed as a result of the accident; that a third died two months afterwards; and that all were injured. The plaintiffs are the survivors and the personal representatives of those deceased. All of the witnesses were called by the plaintiffs.

In the actions against Bodkin we need not determine whether evidence that the boys to some extent helped Bodkin in bringing home coal would justify a finding that they were other than gratuitous invitees, as we are of the opinion that the evidence was insufficient to support a finding that Bodkin was guilty even of ordinary negligence. There was nothing to show any negligent act on his part at the time of the accident. The cases against him in this aspect rest entirely upon the broken angle irons. But there was no evidence that Bodkin caused them to break or should have known that they were dangerous. So far as appears the trailer had been bought from a reputable dealer. It does not appear that its materials or its method of construction was improper, or that it was worn or contained any defect discoverable by observation. There was, to be sure, evidence that these same iron castings had been broken at a time from one month to six months before the accident, and that Bodkin had them mended by brazing. In connection with other evidence this might be significant. But other evidence was lacking. There was nothing to show the circumstances of the previous break, or that they

were such as to indicate the possibility of another break in the course of the use of the trailer. Witnesses called by the plaintiffs gave evidence tending to show that the brazing had been done by one skilled in that work; that the method was the proper one for the kind of iron of which these castings were made and would produce a good result. So far as appears a properly brazed piece would be as strong as a new piece. There was uncontradicted evidence that only one of the irons broke at the place where it had previously been brazed, and that the other broke at a new place. In short, there is nothing to show that Bodkin did not justifiably believe that the trailer had been fully repaired and was fit for use. *Sennett* v. *Nonantum Coal Co.* 284 Mass. 390. *Bolin* v. *Corliss Co.* 262 Mass. 115. *Davis* v. *Crisham*, 213 Mass. 151. *Buckland* v. *New York, New Haven & Hartford Railroad*, 181 Mass. 3. Compare *Van Steenbergen* v. *Barrett*, 286 Mass. 400.

Although Bodkin's trailer was not registered, it could not be found to have been unlawfully on the highway, as there was no evidence that it was "used for carrying passengers for hire or commodities in connection with commerce." As the law stood at the time of this accident the requirement of registration of trailers extended only to such as were so used. G. L. (Ter. Ed.) c. 90, §§ 1, 9. See now, however, St. 1933, c. 332, § 2. Evidence that on a single occasion just before the accident Bodkin had used the trailer to take to his own residence ten and a half bags of coal which he had purchased from a nearby dealer is not enough to establish the commercial character of the trailer or its use "in connection with commerce." The Legislature must have expected that any trailer would at some time be used to bring home some article which the owner had purchased, and would not have made connection with commerce a test if that was all that was meant. The history and construction of this section are discussed in *Coleman Bros. Inc.* v. *Union Street Railway*, 292 Mass. 557. See *Simpson* v. *Eastern Massachusetts Street Railway*, 292 Mass. 562; *Commonwealth* v. *Patterson*, 138 Mass. 498.

There was, in our opinion, no evidence which would support a verdict or verdicts against the defendant Blackadar. According to one possible version of the accident the trailer came in front of her so quickly that she had no time to stop and was not negligent. According to another possible version the trailer "went up in the air" or "began to spin" and swung or swerved to the other side of the road before it came in contact with the Blackadar automobile. One witness saw it "snap into the air," and it "spun around" before the collision. The only plaintiffs who appeared as witnesses testified that the trailer, after crossing the road, struck a tree and then started back into the road while the Blackadar automobile was still some distance from the point of contact. If on this theory it could be found that the defendant Blackadar had time to stop and was negligent, yet there is nothing to show what, if any, injuries to any of the boys were caused by her contact with the trailer as distinguished from what had gone before. There was much evidence that some of the boys were thrown out of the trailer as it swerved across the road, and there was uncontradicted evidence that the two who were admittedly killed by the accident had been thrown out and were lying in the road before the Blackadar automobile came up to them, although there was also evidence that one of its wheels then ran over one of them. There was no evidence whatever as to the nature of the injuries to the several boys. Those injuries may have been received as the result of being thrown from the trailer or from hitting the tree before collision with the Blackadar automobile. The defendant Blackadar cannot be held liable for anything which had already occurred before she came in contact either with the trailer or with one of the boys. She is responsible only for consequences to which her own acts contributed. The description of the accident according to all of the evidence furnishes ample opportunity for injury or death without concurrence on her part. Upon careful scrutiny of the record we have been unable to discover any rational theory upon which it can fairly be said to have been proved beyond mere conjecture

that the death or injury of any one of the unfortunate victims of this accident resulted from any conduct of the defendant Blackadar.

In each case the entry will be

*Exceptions overruled.*