JEROME A. PETITTI *vs.* CHARLES L. PERRIELLO.

Suffolk.     February 7, 1940. — February 26, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Practice, Civil,* Auditor: report.

No error was shown in a refusal to strike from an auditor's report certain
subsidiary findings which were not shown to be based on inadmissible
evidence or upon an erroneous opinion of law.

A motion to strike out two entire paragraphs of an auditor's report was
properly denied even if some portions of those paragraphs were
objectionable.

TORT. Writ in the Municipal Court of the City of Boston
dated August 17, 1937.

Upon removal to the Superior Court, the action was tried
before *Dowd,* J., and in this court was submitted on briefs.

*A. LoPresti & F. J. Monahan,* for the plaintiff.

*J. M. Graham,* for the defendant.

Cox, J. This is an action of tort to recover damages
alleged to have been caused by the gross negligence of the
defendant. After a trial at which the report of an auditor,
whose findings of facts were not to be final, and the testi-
mony of witnesses were introduced, the jury found for the
defendant. Before the report was read to the jury, the
plaintiff moved that the findings of subsidiary facts, con-
tained in "paragraphs five and six of Auditor's Report," be
struck out for the reason that they were not findings of
fact "but merely the reasoning ideas of the Auditor." After
the report was read to the jury, the plaintiff renewed his
motion. The denial of these motions, subject to the plain-
tiff's exceptions, presents the only question.

G. L. (Ter. Ed.) c. 221, § 56, provides, in so far as mate-
rial, that ". . . the court at the trial shall exclude any
finding of fact which appears in the report [of the auditor]
to be based upon an erroneous opinion of law, or upon in-
admissible evidence." Questions arising under the quoted

part of said § 56 are properly raised by motion. *Solomon* v. *Boylston National Bank,* 269 Mass. 589, 594, and cases cited. In *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320, it was said by Gray, C.J., at page 329: "An auditor is not limited in his report to a naked summary of the facts found or of the account between the parties, but may at his discretion include in it a narrative of the circumstances of the case, and a statement of the evidence given before him and of his reasons for his conclusions . . . ." See *Livingston* v. *Hammond,* 162 Mass. 375, 376; *Director General of Railroads* v. *Eastern Steamship Lines, Inc.* 245 Mass. 385, 398. Compare *Boston Box Co. Inc.* v. *Shapiro,* 249 Mass. 373, 377.

It is unnecessary to recite in detail the subsidiary facts found by the auditor. In the main they constitute specific findings of facts material to the issue, and, in several instances, the reasons of the auditor for the findings. The evidence before the auditor is not reported; it therefore cannot be said that any of his findings were based upon inadmissible evidence, and it does not appear that they were based upon an erroneous opinion of law. G. L. (Ter. Ed.) c. 221, § 56.

Furthermore, the motions were addressed to both paragraphs as an entirety. Even if we assume that some portions were objectionable and might have been the basis of a motion to recommit, and if we assume, as we do not, that some parts may have come within the provisions of said § 56, nevertheless the judge could not be required to separate the good from the bad. See *Gardiner* v. *Brookline,* 181 Mass. 162, 163; *Smith* v. *Duncan,* 181 Mass. 435; *Claffey* v. *Fenelon,* 263 Mass. 427, 434.

*Exceptions overruled.*