James W. Bailey, J.
Defendant United States Rubber Company makes this motion to dismiss the first and second causes of action of the complaint upon the ground that they do not state facts sufficient to constitute a cause of action.
Plaintiff seeks to recover damages for personal injuries sustained when a tire allegedly manufactured by the moving defendant exploded while he was inflating and attempting to mount the same upon the wheel of an automobile of a customer.
The first cause of action is predicated upon the negligence of the defendant. It contains allegations that defendant manufactured a tire with “ worn, weak and defective bead wires, improperly inserted and wound in the tire.” Plaintiff also alleges that “ the bead of said tire was embedded, enclosed, packaged, sealed and covered within said tire when said tire was manufactured ” and “that said tire was designed and intended to contain large volumes of air under great pressure and was inherently dangerous to life and limb if manufactured, or sold, or distributed ' * * * with a defective bead and bead wires. ’ ’
The court must assume the truth of these allegations upon a motion of this- nature. Under the circumstances a sufficient cause of action in negligence for a latent defect is alleged against the manufacturer. (See Rosebrock v. General Elec. Co., 236 N. Y. 227; MacPherson v. Buick Motor Co., 217 N. Y. 382; Statler v. Ray Mfg. Co., 195 N. Y. 478; Torgesen v. Schultz, 192 N. Y. 156.)
The second cause of action repeats the allegations of the first except as to the negligence and seeks a recovery upon the theory of a breach of warranty. The rule is fundamental that no recovery may be had for breach of warranty in the absence of privity. Although the doctrine of privity has been extended to permit recovery when the injurious article has been purchased by an agent for the injured party the doctrine has not been completely extinguished so as to enable a recovery under the circumstances herein where no contractual relation exists between the parties or their agents. (See Bowman v. Great Atlantic & Pacific Tea Co., 284 App. Div. 663, affd. 308 N. Y. 780; Campo v. Scofield, *203 301 N. Y. 468; Turner v. Edison Stor. Battery Co., 248 N. Y. 73.) The second cause of action is therefore legally insufficient.
Motion granted as to second cause of action but denied as to first cause of action.
Submit order accordingly.