SOPHIE HORWITZ *vs.* HARRY SULHAM.

Norfolk. December 6, 1960. — March 31, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Negligence,* Trailer. *Motor Vehicle,* Trailer. *Practice, Civil,* Auditor: findings.

At the trial of an action for damage to the plaintiff's automobile when part of a "box" trailer attached to the defendant's automobile in which he was transporting a horse suddenly "became detached" and swerved to the defendant's left across the road on which the two automobiles were travelling in opposite directions and struck the plaintiff's automobile, a finding by an auditor that "the cause of the accident was the breaking of the angle bars" on which the trailer box rested, bars one quarter inch thick extending the length of the trailer, required direction of a verdict for the defendant where there was no evidence warranting a finding that the cause of the accident was other than that found by the auditor or that, if the angle bars were defective, the defendant knew or should

have known of such defect, notwithstanding testimony of an expert who had not seen the trailer that it "was not properly constructed" and that "he would not have built a trailer with a quarter inch angle iron."

Tort. Writ in the District Court of Northern Norfolk dated September 10, 1958.

Upon removal to the Superior Court, the action was tried before *DeSaulnier*, J.

*Douglas Smerdon,* for the defendant.

*Richard Simonian,* for the plaintiff.

Williams, J. This is an action of tort to recover for damage to the plaintiff's automobile caused by a collision with a "utility trailer" owned and operated by the defendant. An auditor, whose findings of fact were not final, found for the defendant. Thereafter there was a trial to a jury, at which the auditor's report was in evidence, and a verdict was returned for the plaintiff. The case is here on the defendant's exception to the judge's denial of his motion for a directed verdict.

The collision occurred in the afternoon of September 27, 1957, in Plainville on Route 1, a four lane road, running generally north and south. The operator of the plaintiff's car was driving north in the easterly lane and the defendant was driving south in the westerly lane. Neither car was proceeding at a speed which could be found improper. There was evidence that the defendant had attached to the rear of his car a two wheel "box" trailer in which he was transporting a horse. As the two cars approached each other and were two or three car lengths apart this trailer or that part of it which contained the horse suddenly swerved across the road to its left and struck the plaintiff's car, causing substantial damage. After the accident the wheels of the trailer were found down an embankment on the westerly side of the road.

The trailer weighed 350 pounds. It was about five feet wide and the sides of the box were five feet high. This box rested on two parallel three inch angle irons one quarter inch thick, which were seven feet long and extended the length of the trailer. Both angle irons were found broken

after the collision. The trailer was connected with the motor vehicle which drew it by a so called "standard" hitch.

The auditor found that the trailer "became detached" from the defendant's car; and that the cause of the accident was the breaking of the angle irons. He found that "the trailer hitch or hook and the coupling were properly fastened before the defendant started his trip" and stated that he was "unable to find that prior to the accident any part of the trailer was defective."

An expert called by the plaintiff testified without objection that the "box trailer was not properly constructed and he would not have built a trailer with a quarter inch angle iron," and that "the trailer hitch could not come off unless the defendant failed to tighten same in place before starting his trip." The defendant testified that he paid $145 for the trailer two or three months before; that its capacity was 1,000 pounds; and that he had used it two or three times a week to transport horses. The seven year old horse which he was carrying weighed approximately 800 pounds.

There was no evidence introduced before the jury which would warrant a finding contrary to that of the auditor, namely "that the cause of the accident was the breaking of the angle bars on the trailer." This finding therefore has the "compelling effect" of unrefuted "prima facie evidence." *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 566. The mere breaking of the irons did not warrant a finding of negligence on the part of the defendant. *Zarrillo* v. *Stone,* 317 Mass. 510, 512. *Baker* v. *Davis,* 299 Mass. 345, 348. If they were defective, and the auditor states that he was unable to find that they were, there was no evidence that the defendant knew or should have known of such defect. The testimony of the expert is not a sufficient base for charging the defendant with negligence. The expert admitted that he had not seen the trailer. His opinion that it "was not properly constructed" and that "he would not have built a trailer with a quarter inch angle

iron" would not warrant a finding that it was unsafe to use it for transporting an 800 pound horse. The case is governed by the decision in *Cormier* v. *Bodkin,* 300 Mass. 357.

> *Exceptions sustained.*
> *Judgment for the defendant.*