JOSEPH PERRY *vs.* RICHARD CHEVROLET, INC.

Norfolk.    April 3, 1962. — May 10, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, KIRK, & SPIEGEL, JJ.

*Negligence*, Motor vehicle.  *Practice, Civil,* Auditor: findings.

In an action for personal injuries allegedly caused by negligence of the defendant, allowance by the trial judge of the plaintiff's motion that judgment be entered for him on the report of an auditor whose findings were not to be final and whose finding that the defendant was negligent expressly rested on the subsidiary facts found was not correct unless such facts permitted an inference of negligence.    [358]

In an action against an automobile dealer for personal injuries sustained by the plaintiff, a customer to whom the defendant had furnished an automobile, when an explosion and fire occurred in the automobile after it had been driven a few miles by the plaintiff, where it appeared that following the accident a clamp fastening the hose between the radiator and the engine block was not in place and that alcohol was coming out of the radiator, a conclusion by an auditor that "the defendant was negligent . . . in furnishing a vehicle to the plaintiff with defective installation of a radiator clamp" was not warranted by subsidiary findings not

indicating that the defendant knew or should have known of any defective installation of the clamp and leaving it conjectural whether detachment of the clamp was the cause of, or was caused by, the explosion. [357–358]

TORT. Writ in the Superior Court dated October 27, 1958.

The action was heard by *Meagher, J.,* on an auditor's report.

*Robert W. Cornell* for the defendant.

*Neil J. Roche* for the plaintiff.

WILKINS, C.J. The plaintiff sues in tort for personal injuries allegedly caused by the negligence of the defendant in furnishing the plaintiff an automobile in which a radiator hose clamp was defectively installed. The case was referred to an auditor, whose findings of fact were not to be final. The plaintiff and the defendant each filed a motion that judgment be entered for the moving party. The judge allowed the plaintiff's motion, denied the defendant's, and the defendant excepted.

The subsidiary facts found by the auditor were as follows. The plaintiff was planning on November 19, 1957, to purchase an automobile from the defendant, a dealer in motor vehicles. Pending alterations on the car he was to purchase, the defendant turned over to him a 1946 model sedan. The plaintiff was unable to start the motor because of insufficient gasoline in the tank. An employee of the defendant put gasoline in, but the motor still would not turn over. Finally, the employee started the engine, telling the plaintiff that the car was "O. K. now." The plaintiff drove the car from the defendant's premises, a distance of five or six miles, when he heard a "bang" and saw a ball of fire coming from the engine and under the dashboard. His arms and eyebrows were singed by flames. He threw himself into the street and sustained bruises. The fire department extinguished the fire. The plaintiff then noticed that the clamp used to fasten the hose running between the radiator and the engine block was off, and that alcohol was coming out of the radiator. The clamp was found at the bottom of the pan below the radiator hose. The plaintiff was using the automobile for a purpose incidental to the

defendant's business.

The auditor's report then contains this statement: "On the above subsidiary facts I find that the defendant was negligent in failing to exercise reasonable care in furnishing a vehicle to the plaintiff with defective installation of a radiator clamp; that the defendant knew or should have known of the defective condition by proper inspection of the vehicle before allowing the use of the same to the plaintiff; that because of the defective condition of the vehicle, the vehicle caught fire and resulted in the injuries to the plaintiff."

The defendant owed the duty to the plaintiff to use ordinary care in the circumstances. See *Streeter* v. *Locke,* 295 Mass. 533, 537; *Epstein* v. *Simco Trading Co. Inc.* 297 Mass. 282, 284; *Beaulieu* v. *Lincoln Rides, Inc.* 328 Mass. 427, 428–429. Compare *Bagley* v. *Burkholder,* 337 Mass. 246, 249–250. The auditor's finding of negligence is expressly rested upon his subsidiary findings. See *Moore* v. *Worcester Insulation Co. Inc.* 338 Mass. 44, 46–47. If those findings permit the inference of negligence on the part of the defendant, the ruling below was correct. *Ballou* v. *Fitzpatrick,* 283 Mass. 336, 338. *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 567. *Ball* v. *Williamson,* 336 Mass. 547, 551. See G. L. (Ter. Ed.) c. 221, § 56. There is, however, nothing in the subsidiary facts to indicate that the defendant knew or should have known that the hose clamp was defective, if in fact it was defective. Certainly difficulty in starting an automobile in mid-November is no such indication. The finding of negligence in furnishing the vehicle, being based exclusively upon knowledge of or negligent failure to discover a defective hose clamp, cannot stand. On the auditor's report the cause of the accident is unexplained. It is left a matter of conjecture whether the hose clamp becoming detached was the cause of, or was caused by, the explosion. See *Cormier* v. *Bodkin,* 300 Mass. 357; *Horwitz* v. *Sulham,* 342 Mass. 327.

This is the opinion of a majority of the court.

*Exceptions sustained.*

*Judgment for the defendant.*