FREDERICK H. HILL & others *vs.* ASSOCIATED TRANSPORT, INC.

Worcester.   October 4, 1962. — October 31, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Negligence,* Motor vehicle.  *Proximate Cause.  Practice, Civil,* Auditor: striking matter from report; Charge to jury.

A motion preceding the trial of an action to expunge the report of an auditor in its entirety by reason of alleged errors and inconsistencies therein was properly denied where the report clearly was not objectionable as a whole.  [57–58]

A finding of negligence of the operator of a truck hauling a trailer whose outside rear tire became detached and crashed into a house and caused personal injuries and property damage was warranted by evidence that at a service station a "fresh" outside rear tire was secured to the wheel by five lugs held in place by five bolts, that the lugs were likely to work loose after the truck had been driven some distance, that the operator, on later examining the vehicle at a place far distant from the service station and many miles from the place of the accident, did not examine the lugs to determine whether they had remained tight, and that after the accident three lugs were missing, two of them were loose, and the bolts were in place.  [58]

Detachment of a large, heavy tire from a trailer of a truck and crashing of the tire through the front door of a nearby house could have been found to be the proximate cause of personal injuries sustained by a woman who had been asleep in a rear room of the house, was awakened by the crash, "leaped" out of bed, and slipped and fell on a "scatter rug."  [58]

There was no error prejudicial to the defendant in a charge to the jury in which, with proper instructions on the evidence, the judge for purposes of illustration recited the facts in somewhat similar cases and quoted the language of this court in dealing with them.  [59]

TORT.  Writ in the Central District Court of Worcester dated February 18, 1958.

Upon transfer to the Superior Court the action was tried before *Meagher,* J.

*Russell F. Bath, Jr.,* for the defendant.
*Gerald F. O'Neill, Jr.,* for the plaintiffs.

WILLIAMS, J.   This is an action of tort by Frederick H. Hill and his wife, Alice Hill, who seek to recover damages for injury to their house and personal property, by Mrs. Hill for personal injuries, and by their children, Sherry and David, for personal injuries, all caused by a tire of a semitrailer truck owned and operated by the defendant which became detached and crashed into their house in Worcester on August 6, 1957.   The declaration was in five counts, of which count 1 related to the property damage of Mr. and Mrs. Hill, count 2 to the personal injuries of Mrs. Hill, counts 3 and 4 to the injuries of the children, and count 5 to the consequential damage incurred by Mr. Hill.

An auditor to whom the action was referred, facts not to be final, found as follows: On August 5, 1957, one Ammons, an experienced motor vehicle operator employed by the defendant, a corporation engaged in the business of interstate trucking, was driving a semitrailer unit of the defendant from Statesville, North Carolina, to Boston.   The trailer carried a gross load of 52,000 pounds and was equipped with dual tires on its rear axle.   Each tire was four feet high, ten inches "in diameter," and weighed 200 pounds. At Danville, Virginia, the rear right inside tire of the trailer became flat, and Ammons stopped at a service station customarily used by the defendant.   The station attendant removed the outside tire on the right, a metal "spacer" which separated the tires, and the inside flat tire.   He then mounted the outside tire on the inside, replaced the spacer, and put a "fresh" tire on the outside.   This outside tire was secured to the wheel by five lugs, which in turn were held in place by five nuts and bolts.   The truck reached Bridgeport, Connecticut, about 3:30 on the following morning.   There, Ammons who had been resting for five hours, in accordance with Interstate Commerce Commission regulations, while a spare driver drove, took over the driving. He inspected the vehicle, looked at the wheels and tires and, although he kicked the tires to determine whether they were adequately inflated, he did not manually examine the lugs on the wheels.   When approaching the intersection of Route 20 and Sunderland Road in Worcester and traveling at a

speed of about thirty-five miles per hour, he gradually applied his brakes, and as he did so saw that the right rear outside tire of the trailer had become detached and was rolling beside the truck. It proceeded for a distance of from 300 to 400 feet and burst through the front door of the plaintiffs' house on Sunderland Road, causing substantial damage to the house and furnishings. Examination of the right rear wheel disclosed that of the five lugs three were missing, and two of them, although loosened, were still attached to the wheel. The bolts were in place.

The auditor found that the detachment of the tire was not due to a "sudden occurrence" but that the lugs had loosened gradually, and that the cause of the accident was due to negligence on the part of the driver in failing to ascertain that the nuts on the bolts were firmly tightened by the station attendant at Danville, and subsequently by further inspection that they remained tight after the truck had been driven for some distance.

Mrs. Hill, who had been asleep in a rear room, was awakened by the crash, "leaped" out of bed, and was injured by falling on a "scatter rug."

There were findings for Mr. and Mrs. Hill in the amount of $1,200 for damage to their realty, in the amount of $250 for damage to their personal property, in the amount of $200 for personal injury to Mrs. Hill, and in the amount of $30 for Mr. Hill's consequential damage. There was a finding that no injury had been incurred by the children. At a subsequent jury trial, the plaintiffs read the auditor's report, and the defendant called only Ammons as its witness. His testimony varied in no substantial manner from the findings of the auditor. A motion by the defendant for directed verdicts was allowed as to counts 3 and 4 and was denied as to counts 1, 2 and 5. The jury found for the plaintiffs on counts 1, 2 and 5 in accordance with the auditor's report. The case is here on the defendant's exceptions.

Immediately preceding the trial the defendant moved to expunge the auditor's report in its entirety on the ground that there was error in the standard of care invoked by the

auditor, error in making an award as to the personal property, and inconsistencies in the inferences and conclusions drawn by him. The motion was denied and the defendant excepted. There is no merit in the exception. The report clearly was not objectionable as a whole. See *Davis* v. *Noone*, 341 Mass. 488, 490. If objectionable in part, such part or parts should have specifically been brought to the attention of the judge. G. L. (Ter. Ed.) c. 221, § 56. *Ross* v. *Broitman*, 338 Mass. 770, 771–772. He could not be required to assume the burden of separating the good from the bad. *Petitti* v. *Perriello*, 305 Mass. 274, 275.

The principal exception of the defendant is to the denial of its motion for directed verdicts on counts 1, 2 and 5. The case is similar in its facts to *Van Steenbergen* v. *Barrett*, 286 Mass. 400, and *Facteau* v. *Gould*, 310 Mass. 105, where it was held that the negligence of the defendant was a question of fact for the jury. In these cases the court distinguished *Bolin* v. *Corliss Co.* 262 Mass. 115, and *Sennett* v. *Nonantum Coal Co.* 284 Mass. 390, on which the defendant relies. The case differs from *Cormier* v. *Bodkin*, 300 Mass. 357, *Horwitz* v. *Sulham*, 342 Mass. 327, and *Perry* v. *Richard Chevrolet, Inc.* 344 Mass. 356, where it was held that there was not sufficient evidence from which the jury could find that the defendant should have known of the defective instrumentality. Here, the jury could find that the bolts securing the lugs were likely to work loose after the truck, with its heavy load, had been driven for a distance, and that Ammons was negligent in not having made more frequent and careful inspections. There was no error in denying the defendant's motion as to counts 1, 2 and 5. We do not agree with the contention of the defendant that the tire could not be found the proximate cause of Mrs. Hill's injury. The jury could find that her act in leaping from bed was her instinctive reaction to the disturbing crash in the front room, and that her slipping on the rug was a natural consequence thereof. The performance of the detached tire could be found the active and efficient cause of her resulting injury. *Lynn Gas & Elec. Co.* v.

*Meriden Fire Ins. Co.* 158 Mass. 570, 575.   *Wallace* v. *Ludwig,* 292 Mass. 251, 254.

The last exception is to the judge's charge and cannot be sustained.   He recited the facts in three somewhat similar cases and quoted the language of this court in dealing with them.   They were cases where it was said that the jury could infer negligence from the happening of the accident. They were used for purposes of illustration and were not prejudicial.   See *Draper* v. *Cotting,* 231 Mass. 51, 65; *Quinlan* v. *Hugh Nawn Contr. Co.* 235 Mass. 190, 194–195.   The jury were properly instructed that in view of all the evidence they could find negligence on the part of the one in charge of the trailer.

*Exceptions overruled.*