JOHN PELLEGATTI *vs.* FRANK L. PELLEGATTI
(and six companion cases).

Middlesex.   January 10, 1963. — March 11, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Negligence,* Motor vehicle.

In an action for injuries sustained by an invitee riding in the defendant's automobile when a front tire blew out and caused the automobile to leave the road near the end of a long journey, evidence that to the knowledge of the defendant the treads on the tires were not "good" and the tire which blew out was "bald" and that the defendant admitted that the "tires were bad" did not warrant a finding that the tire which blew out was defective or a finding that the defendant was negligent.

SEVEN ACTIONS OF TORT.   Writs in the Superior Court dated April 14, 1959.

The actions were tried before *Sgarzi,* J., a District Court judge sitting under statutory authority.

*John J. McNaught* for the plaintiffs.

*Robert D. Callahan* for the defendant.

SPALDING, J.   The evidence most favorable to the plain-tiffs was as follows: In the evening of April 20, 1958, the plaintiff John Pellegatti, having learned of the death of a relative in Cleveland, Ohio, called his nephew Frank Pelle-

gatti, the defendant, and told him about it. John asked the defendant if he would like to accompany him and his family to Ohio to attend the funeral. The defendant said that he would, and drove to John's house in Woburn. Upon his arrival the defendant and John discussed which of two automobiles, John's or the defendant's, would be used for the trip and it was agreed that the defendant's car would be used. John paid the defendant $35 for the use of his car and agreed to pay all of the expenses. Shortly thereafter John, his wife, and two daughters, and the defendant left for Ohio in the defendant's car. The group spent three days in Ohio and on April 24, about 9 P.M., they started back to Massachusetts. During the first part of the trip the defendant did the driving. In New York John took the wheel. About 7 A.M. the automobile had reached the Massachusetts Turnpike and was nearing Westfield. The weather was clear and the roadway was dry. The plaintiff was driving in the right hand lane of the Turnpike and had both hands on the wheel when suddenly he "felt the car sway" and "pull sharply to the right." He tried "to get the car back onto the road . . . by giving a sharp left." Then "all of a sudden . . . [he] felt . . . [the] car going on a soft shoulder, going down the embankment." In "order not to capsize the car . . . [he] pulled the car straight down." As he was "going along down the end . . . [he] was hitting objects." The car "travelled a distance better than 400 feet off the roadway." When he "hit whatever . . . [he] hit" he "passed out" and from that point on he remembered nothing. The front windshield was demolished and the right side of the car was badly damaged. John, his wife, and two daughters sustained injuries. At some time after the accident the defendant asked John how his wife was, and, upon being informed, he said, "John, I'm awfully sorry. . . . I want you to know now, because sooner or later you are going to find out, the tires were bad."

William Herbert, a towing truck operator with sixteen years' experience, who saw the defendant's automobile shortly after the accident, testified that the right front tire

was "blown out"; that it was "blown almost completely around, with a hole right through"; and that the tire was "bald."

The defendant testified that three of the tires did not have good treads; that he knew that the trip would involve a distance of 1,000 to 1,500 miles; that he would be traveling over the Massachusetts Turnpike where the speed would be between fifty and sixty miles per hour; and that he was "aware of the fact that the right front tire was bald," but this did not "enter his mind."

From the accident described above these seven actions of tort arose. Four were brought by John, his wife, and two minor daughters; and three were brought by John for consequential damages sustained by him on behalf of his wife and daughters. At the close of the plaintiffs' evidence the defendant rested and presented motions for directed verdicts, which were allowed, subject to the plaintiffs' exceptions. Although the declarations contain counts for ordinary negligence and counts for gross negligence, we shall consider the cases on the basis of ordinary negligence, for the defendant conceded at the arguments that the plaintiffs were paying passengers and had the status of invitees.

There was no error.

The defendant has argued that the plaintiffs failed to show what caused the vehicle to leave the highway. See *Perry* v. *Richard Chevrolet, Inc.* 344 Mass. 356, 358. He contends that the condition of the right front tire after the accident could just as well have resulted from the objects struck after the car left the highway. We assume, without deciding, that the evidence would warrant a finding that a blown out tire caused the car to leave the road (see *Curtin* v. *Benjamin,* 305 Mass. 489), but we are of opinion that proof of negligence on the part of the defendant was lacking.

The mere blowing out of the tire did not warrant a finding of negligence on the part of the defendant. See *Horwitz* v. *Sulham,* 342 Mass. 327, 329. In order for the plaintiffs to prevail they must show that the tire was defective and that the defendant knew or reasonably should have

known of the defect. *Lonergan* v. *American Ry. Exp. Co.* 250 Mass. 30, 35–36. *Van Steenbergen* v. *Barrett*, 286 Mass. 400, 404, 405. See *Bolin* v. *Corliss Co.* 262 Mass. 115, 117. The testimony of the defendant that the treads on the tires were not "good" and his testimony and that of the tow truck operator that the right front tire was "bald" were not sufficient to establish that that tire was defective. Nor was anything of significance added by the defendant's admission to John, made after the accident, that the "tires were bad." These general characterizations, without more, would not warrant a finding of negligence. See *Cormier* v. *Bodkin,* 300 Mass. 357, 359–360; *Horwitz* v. *Sulham,* 342 Mass. 327, 329.

This is the opinion of a majority of the court.

*Exceptions overruled.*