*Northern District*
No. 6258
**ELEANOR SCHLOESSER**

v.

**HOWARD MURPHY, ET ALS**

Argued:————1966    Decided:————1966

*Present:* Brooks, P.J., Connolly, Yesley, J.J.
Case tried to *Dewey, J.,* in the First District Court
of Eastern Middlesex      No. 964 of 1965

*Connolly, J. This is an action of tort* in which
the plaintiff seeks to recover for personal in-
juries and property damage arising out of the
collision of motor vehicles. The answer is a

general denial, contributory negligence and violation of law.

*At the trial, there was evidence tending to show the following:*

The accident occurred on November 15, 1963 at about 4:50 p.m. on Route C-1, near Revere Drive-In Theatre. Immediately prior to the time of the accident, traffic was heavy with three lanes of traffic travelling northerly at about 40-45 miles per hour. The weather was clear, and the road was dry.

The accident involved four vehicles: The first vehicle was owned and operated by the defendant, George Murphy; the second vehicle was owned and operated by the plaintiff, Eleanor Schloesser; the third vehicle was owned and operated by the defendant, Robert Siebert; the fourth vehicle was owned and operated by the defendant, R. Virginia Leach. All four vehicles were traveling in line in the passing lane just prior to the accident.

Just prior to the accident, the defendant Murphy brought his vehicle to a stop when the traffic in front of him stopped. The plaintiff, Schloesser, was 40-50 feet to the rear of the Murphy vehicle and traveling at a speed of 40-45 miles per hour when she realized that Murphy had stopped. She applied her brakes and stopped one to two feet from the rear of the Murphy vehicle. The defendant, Siebert, saw the Murphy vehicle slow down and stop and saw the Schloesser vehicle stop and applied

his brakes; he was 35-40 feet from the rear of the Schloesser vehicle and traveling 40 to 45 miles per hour at the time when he applied his brakes. His vehicle struck the rear of the Schloesser vehicle. The defendant, Leach, saw the Siebert vehicle stop immediately in front of her as it hit the Schloesser vehicle; at the time she was traveling two to three car lengths to the rear of the Siebert vehicle.

The plaintiff, Schloesser, felt a jolt at the time of impact and was thrown about; she then felt another "jerk from the rear". The plaintiff, Schloesser, was injured.

The vehicle owned by Schloesser was damaged in the amount of $209.00, all of the damage being to the front end of the vehicle.

At the close of the trial, the defendant, Leach, made the following requests for rulings:

(1) There is no evidence to warrant a finding for the plaintiff, as to the defendant, Virginia Leach.

(2) There is evidence to warrant a finding for the defendant, Virginia Leach.

(3) There is no evidence of negligence on the part of the defendant, Virginia Leach.

The court denied the defendant requests 1 and 3 and allowed 2, as follows:

Request No. 1 denied, for the reason that I find the evidence does warrant a finding for the plaintiff, as to the defendant, Virginia Leach.

Request No. 2 granted, but I do not so in

fact find because the weight of the evidence is otherwise.

Request No. 3 denied, for the reason that I find there is evidence of negligence on the part of the defendant, Virginia Leach.

The Court found the following facts:

(1) The combined careless acts of the defendants, Richard E. Siebert and Virginia Leach, produced the collision, which was the natural, probable, and proximate result of the carelessness of each of the said defendants, causing the injuries and damages sustained by the plaintiff, Eleanor Schloesser.

(2) The plaintiff, Eleanor Schloesser, was not guilty of contributory negligence.

The case was originally before this Division on June 15, 1966. At that time, it was remanded to the trial judge for amplification of his report and findings. Subsequently, the trial judge filed an ''Amendment to [His] Draft Report'' and ''Special Findings of Fact''.

When the case next came before this Division, the defendant, Virginia Leach, filed a motion ''To Strike the Amendment to Draft Report''. The motion was assented to by the plaintiff and allowed by the Division.

The ''Special Findings of Fact'' attached to the amendment were not stricken and follow:

(1) The defendant Leach's vehicle struck the rear of the Siebert vehicle while

it was in contact with the Schloesser vehicle.

(2) Two to four seconds transpired between the first impact and the second impact.

(3) The plaintiff Schloesser felt a jolt at the time of the first impact (the Siebert vehicle) and felt a jerk from the rear at the time of the second impact (the Leach vehicle) and was thrown about by each impact.

(4) The Schloesser vehicle was pushed forward by each impact.

(5) The combined careless acts of the defendants, Richard E. Siebert and Virginia Leach, produced the collision, which was the natural, probable and proximate result of the carelessness of each of the said defendants, causing the injuries and damages sustained by the plaintiff, Eleanor Schloesser.

(6) The plaintiff Schloesser was injured by each impact.

(7) The plaintiff Eleanor Schloesser was not guilty of contributory negligence.

Because the original report does not contain evidence in support of the Special Findings of Fact numbered 1, 2, 3 and 4, they are not considered in this opinion.

The defendant contends that the denial of her requests 1 and 3 constitute error. We do not agree.

■ We recognize the legal principle that the mere occurrence of a rear-end collision of vehicles on a highway is no evidence of negligence. *Reardon* v. *Boston El. Ry.*, 247 Mass. 124-126

However, the circumstances of the collision may create a reasonable inference, based on common experience, that it would not have occurred if the operator of the colliding vehicle had been careful. *Cousens* v. *Cummings*, 332 Mass. 649

■ In this case, the evidence goes far enough to show with reasonable probability that the collision between the Leach car and Siebert car occurred because—

(a)  The Leach car was traveling too closely behind the Siebert car immediately prior to the collision, or

(b)  The defendant Leach was inattentive to the operation of the Siebert car.

In either event, the evidence would warrant a finding that the defendant Leach was negligent. *Murphy* v. *NE Transp.* Co., 273 Mass. 275

■ In a situation like this an explanation is due if something other than negligence is the cause of the collision. *Washburn* v. *R. F. Owens Co.*, 252 Mass. 47, 54

Moreover, the plaintiff was not required to exclude other possible causes for the collision such as a sudden failure of the brakes of the

Leach motor vehicle. *Young* v. *NY., NH & H R.R.,* 273 Mass. 567

In support of her contention that her request #1 should have been allowed, the defendant Leach argues that there is no evidence in the report to show the required causal connection between her alleged negligence and the injuries suffered by the plaintiff. Again we disagree. The finding of the trial judge, "that the combined careless acts of the defendants, Siebert and Leach, produced the collision, which was the natural, probable and proximate result of the carelessness of each of the said defendants, causing the injuries and damages sustained by the plaintiff, Eleanor Schloesser", was a finding that the defendants Siebert and Leach were concurrent tortfeasors.

As such, it makes no difference that they did not act in concert or that their respective acts of negligence were somewhat separated in time. Nor does it make a difference that it is impossible to determine what portion of the injury was caused by each. If each contributed to the injury, that is enough to bind both. Whether each contributed was a question for the trial judge. *Corey* v. *Havener,* 182 Mass. 250; M. P. S. Vol. 11, *Martin & Hennessey,* § 13. See also *Feneff* v. *B & M RR.,* 196 Mass. 575, 581 wherein the Court said: "but whatever diversity of opinion may be elsewhere, the law must be considered as settled, that if two or more wrongdoers negligently contributed to the

personal injury of another by their several acts, which operate concurrently, so that in effect the damages suffered are rendered inseparable, they are jointly and severally liable''.

The defendant Leach relies on the case *Cormier* v. *Bodkin,* 300 Mass. 357, which is easily distinguished from the case at hand. In the *Bodkin* case, there no negligence was found. The court did point out that if one of the defendants were negligent, she could be held only for the injuries she caused. If there are not concurrent or joint tortfeasors, the joint and several liability obviously cannot exist. There is one other distinction and that is that in the *Bodkin* case, there were several deaths as well as personal injuries involved. Actions for death, because of the terms of the death statute, [G.L. c. 229, §5] must be brought severally. Although the wrong in such cases remains joint, because of the statute, the damages must be assessed severally with separate findings (or verdicts) and judgments. *Brown* v. *Thayer,* 212 Mass. 392

There being no prejudicial error, the report is dismissed.

GEORGE BROCHU
    for plaintiff
ROBERT L. FARRELL of Boston,
    for defendant