*Northern District*

#6703

**LONNIE D. RICE, et al**

v.

**THE HERTZ CORPORATION**

Argued: April 10, 1968   Decided: May 15, 1968.

*Present:* Brooks, P.J.; Yesley, Durkin, JJ.

Case tried to *Troy, J.* in the Municipal Court of the Dorchester District. No. R-2402

*Brooks, P.J. This is an action* against the Lessor of a U-Drive-It truck by the Lessee and by another occupant of the truck *to recover for personal injuries resulting from a collision between the truck and another automobile.*

The declaration is in five counts.

1. By the lessee in tort for negligence in renting to him a vehicle with defective brakes.

2. By the lessee for breach of contract for

failure to rent a vehicle with proper brakes.

3. By a companion of the lessee at the time of the accident for negligence by defendant in renting to other plaintiff a car with defective brakes.

4. By the lessee in tort for violation of G.L. c.90, §7.

5. By the lessee's companion for violation of the same statute.

Defendant answered, so far as pertinent here, general denial, contributory negligence, violation of law.

Plaintiffs were the only witnesses to testify at the trial. Their testimony was substantially as follows: Plaintiff Rice rented a U-Drive-It truck from defendant Hertz Corporation on terms set forth in a contract introduced at the trial and signed by Rice and defendant's authorized representative. Rice, accompanied by the other plaintiff Hickey, drove the truck to a lumberyard some 3½ miles from the place of renting. On more than two occasions Rice applied the brakes and brought the vehicle to a stop, apparently without incident.

At the lumberyard both plaintiffs alighted, left the truck for a period of from five to ten minutes during which time they attempted unsuccessfully to negotiate a purchase of lumber. They then left the lumberyard in the truck and were proceeding along the highway behind another vehicle which came to a stop at a red

light. When Rice attempted to bring the truck to a stop by application of the brakes, "They didn't work", with the result that the truck ran into the rear end of the car ahead. The collision badly damaged the front end of the truck and injured both plaintiffs. Rice testified that on alighting from the truck immediately after the collision, he noticed brake fluid on the ground coming from the front end of the truck.

The rental contract, consisting of one sheet of paper approximately seven inches square, contained on the front,—page 1, information relating to the particular vehicle and lessee, also the signatures of the parties. On the back of the sheet,—page 2, in minute print were stated the uniform customary conditions of renting a vehicle under this type of contract, including statement: "*1. Vehicle . . . is in good mechanical condition.*" Also on page 1 was a brief clause to the effect that the lessee had read the terms stated on both sides of the paper and agreed thereto.

G.L. c.90, §7, previously referred to, is as follows:

> "Every motor vehicle operated in or upon any way shall be provided with brakes adequate to control the movement of such vehicle . . . and such brakes shall at all times be maintained in good working order."

At the end of the trial defendant filed requests for rulings, which with the court's disposition thereof, were as follows:

1. A finding for the defendant is required as a matter of law.
*Denied.*

2. The plaintiffs have failed to sustain the burden of proof as a matter of law as to the identification of the defendant.
*Denied.*

3. Even though the plaintiffs offer some evidence as to the color and/or some name on the alleged vehicle, this is not sufficient evidence of identification. See *Cochrane* v. *Great Atlantic & Pacific Tea Company,* 281 Mass. 386.
*Allowed.*

4. Plaintiffs have failed to sustain the burden of proof that the defendant was negligent.
*Denied.*

5. The plaintiffs have failed to sustain the burden of proof that if the vehicle they allegedly rented was defective, the defendant on a reasonable inspection would have found the defective condition.
*Denied.*

6. The plaintiffs have failed to sustain the burden of proof that they were rented a defective vehicle.
*Denied.*

The Court found for plaintiff Rice on Counts ##1, 2 and 4 and for plaintiff Hickey on Counts ##3 and 5.

Defendant claimed to be aggrieved by the

court's findings and denial of requests for rulings ##1, 2, 4, 5, 6.

The crux of this case is whether there was evidence upon which the court could properly find negligence on the part of defendant. Several of the requests for rulings inferentially relate to this issue. Request #4 does so directly. The denial of these requests raises the issue of defendant's negligence.

Plaintiffs argue that the court has found as a fact that defendant was negligent in renting a car with defective brakes and this being a pure finding of fact, it must stand since no question of law is involved. The sequence of events presented by the report is that plaintiff hired a truck which he drove $3\frac{1}{2}$ miles without any indication of defective brakes. After an interval of some minutes, during which the truck was unattended, it was again put in motion and collided with a car ahead of it which had stopped for a red light. Severe damage was done to the front end of the truck and brake fluid was then noticed for the first time coming from the front end.

There is no evidence that plaintiff's failure to stop the car was due to absence of brake fluid. It seems quite obvious that the collision was the most likely cause of the sudden leakage of the brake fluid. The report states, "A car in front of plaintiff stopped for a red light, brakes but they did not work and he struck the car which was in front of him." There is

no evidence of the suddenness of the stop of the front car or of its speed, or speed of plaintiff's truck at the time he applied the brakes. It is not clear what plaintiff meant by saying the brakes "didn't work." Did he mean merely that they didn't stop the car? He might have been following the car ahead of him too closely. In any event there is no evidence why the brakes did not work at the moment of collision. In other words it is left to conjecture why the brakes "didn't work." *Perry* v. *Richard Chevrolet, Inc.,* 344 Mass. 356. Moreover, so far as appears from the testimony, there is no evidence that defendant should have known of any defect in the brakes. There therefore is no evidence of defendant's negligence. *Mitchell* v. *Lonergan,* 285 Mass. 266, 271.

With regard to plaintiff's claim that defendant, in renting a car with defective brakes was violating G.L. c. 90, §7 and that this was evidence of negligence, the same could be said of plaintiff. The only situation in which this statute would apply to either plaintiff or defendant would be where there was knowledge of the defect.

On the other hand we have difficulty following defendant's contention that plaintiff Rice is barred from recovery because he signed an utterly meaningless statement about the car concerning whose condition he knew absolutely nothing. If the statement which the lessee signed was to the effect that he took the car

as he found it, this would be analogous to buying a used car "as is". There presumably, plaintiff would be precluded from recovery if he later found defects in the car. That is quite different from the statement to which defendant would hold plaintiff in this case which we would consider without legal effect.

The court erred in denying defendant's requests ##1, 4, 5, 6. Therefore the order must be that the finding for plaintiff be vacated and a finding entered for defendant.

IRA FEINBERG,
  for plaintiff
PHILIP T. CORWIN,
  for defendant

*Municipal Court of the City of Boston*
No. 163445
**LOUVILLE F. NILES
AND
HENRY F. KIGGEN, TRS.**
v.

**NORMAN P. MAMBER**
Argued: June 19, 1967  Decided: Apr. 23, 1968