*Municipal Court of the City of Boston*
No. 237315

## ROBERT BRAMS

### v.

## FIRESTONE STORES

Argued: Nov. 13, 1970 - Decided: Nov. 24, 1970

*Present:* Adlow, C. J., Glynn, Foster, J.J.

Case tried to *Lewiton, J.*

**Adlow, C. J.** Action in contract or tort. The plaintiff bases his claim on an alleged purchase of four tires from the defendant, which tires the defendant, through its agent, undertook to mount on the wheels of the plaintiff's car. *There was evidence* that while the employee of the defendant was replacing the wheels on the car, the plaintiff noticed that the left rear wheel had not been put on tight enough. He mentioned the fact to the defendant's employee, who made some comment but did nothing further about the matter. After the plaintiff drove away and had proceeded about a mile, the left wheel fell off causing substantial damage to the plaintiff's car.

The defendant offered evidence that when its mechanic was about to mount the wheel on the left rear axle he noticed that the wheel did not fit the axle properly, and called the fact to the attention of his supervisor who informed the plaintiff of the fact. The plaintiff was alleged by the defendant to have instructed the mechanic to put the wheel on anyway. The plaintiff denied these allegations.

At the close of the evidence the defendant requested the court to rule that the evidence did not warrant a finding for the plaintiff and required a finding for the defendant. The court denied these requests and found for the plain-

tiff. Being aggrieved the defendant brings this report.

There was no error. The report discloses a clear cut conflict in the evidence presenting to the court a simple issue of fact. If the court believed the defendant's version to the effect that it had called the defect in the wheel to the attention of the plaintiff, and the latter had instructed the mechanic to mount the wheel despite the defect, the plaintiff would not have been entitled to recover. In such a situation it may properly be said that the plaintiff assumed the risk. *Scanlon* v. *Wedger*, 156 Mass. 462.

On the other hand, if the court believed the plaintiff's evidence that no such disclosure was made to him, and that the plaintiff relied on the defendant for the proper mounting of the wheel, then the fact that the wheel fell off the vehicle before the plaintiff had travelled a mile from the defendant's shop provided ample basis for inferring that the accident was the consequence of a failure to properly effect a change of tires on the car. The undertaking of the defendant was not only to sell and deliver four tires to the plaintiff, but to remove the old tires from his car and to mount the new ones. In undertaking this task it agreed impliedly to use reasonable and appropriate skill in doing it. There was ample evidence to warrant the finding of the court that the work was not done in a good and workmanlike manner. *Ware* v. *Gay*, 11 Pick. 106. *Van Steenbergen* v. *Barrett*,

286 Mass. 400. *Facteau* v. *Gould*, 310 Mass. 105. *Hill* v. *Assoc. Transport Inc.*, 345 Mass. 55, 58.

. Apparently the court believed the plaintiff's version of the facts, and its findings appearing to be amply supported by the evidence must stand.

**There was no error. Report dismissed.**

Kenneth C. Cummins

for the Plaintiff.

Whitman L. Scott

for the Defendant.

### REPORTER'S NOTE

*For other cases involving tires on motor vehicles, see: Pellegatti* v. *Pellegatti,* 345 Mass. 591 and cc. (Worn out tires not enough to create liability). *Zarrillo* v. *Stone,* 317 Mass. 510 and cc. (Blowing out of truck tires on down grade not necessarily negligence). *Hill* v. *Associated Transport, Inc.*, 345 Mass. 55, 58 (Tire became detached from truck and crashed into house. Defendant liable for not making more frequent and careful inspections to see that nuts and bolts had been firmly tightened by service station attendant who had replaced tire and that they remained tight). *Pompeo Motors, Inc.* v. *Weston*, 13 LEGALITE 79 (Simultaneous disengagement of two tires from motor vehicle and their rolling forward permitted inference of motorist's negligence under doctrine of res ipsa loquitur). *Greyhound Corp.* v. *Brown,* —— Ala. —— 113 So. 2d 916 (Tire manufacturer liable to bus passenger for in-

juries sustained when bus left road and rolled over after front tire blew out while bus was rounding curve all due to defect in manufacture and not in road hazard). *Otto* v. *Sellnow*, 233 Minn. 215 (Tire blow-out. Motorist not liable to passenger. See: 24 ALR2d 161 discusses liability of operator or owner of motor vehicle for accident caused by blowout of tire or by tire failure of some kind). *Shoopak* v. *U.S. Rubber Co.*, 183 NYS2d 112 (Plaintiff injured by exploding tire while attempting to inflate and mount. No recovery for breach of warranty because no privity of contract). *Stohlman* v. *State Farm Auto. Ins. Co.*, —— Wis. ——, 54 NW2d 53 (Plaintiff recovered from insurance company under comprehensive loss clause of his insurance policy in that the cause of loss to his vehicle was other than mechanical failure in these circumstances. While backing his automobile out of his driveway one morning it became stuck in a snow bank about 12 inches high at a point a few feet short of the sidewalk with his right rear wheel. He then proceeded to alternate between forward and reverse with the purpose of wearing through the snow and ice down to a solid footing and as he did so the left rear wheel and the front wheels remained stationary with only the right rear wheel and his tire turning. At one point he glanced at the speedometer and saw that it registered 100 miles per hour. After he had continued that process for four or five minutes the tire ex-

poded, left the rim, damaged the tire and tube and fender, fender housing, fender guard and body of the automobile.)

See: Dangel, "Motor Vehicles" (Mass. Juris) 167, §214; 226, §269.