*Municipal Court of the City of Boston*
### No. T-11194
### WILLIAM HURWITZ AND EDDIE MATISOFF, d/b/a

### v.

### GAR WOOD BOSTON TRUCK EQUIPMENT COMPANY

Argued: April 22, 1966 Decided: April 29, 1966.
*Present*: Adlow, C.J., Shamon & Canavan, JJ.
·Case tried to *Lewiton, J.*

*Adlow, C.J.* Action of tort to recover for damages caused by the negligent attachment of a gasoline tank on a truck body by the defendant.

In *December,* 1962, the plaintiffs visited the showroom of the Commonwealth Chevrolet Company (Commonwealth) with a view to purchasing a rack body truck. At the time no such truck was available, but shortly thereafter, the plaintiff was advivsed by Commonwealth that a pickup truck was at hand, which could be transformed into a rack body truck by the removal of the "pickup" body from the chassis and by its replacement by a "rack" body. The plaintiff agreed to buy the truck on the understanding that the change would be made. Subsequently, the pickup truck was delivered to the Gar Wood ·Boston Truck Equipment Company (Gar

Wood) with instructions to remove the pickup body and install the rack body. In performing this task Gar Wood affixed the gas tank to the chassis of the truck by means of angle irons, U bolts, lock washers and steel straps. On *December* 10, 1962 the installation of the rack body was completed by Gar Wood and delivered to Commonwealth, which inspected it and road tested it. On *December* 12, 1962 the truck was sold and delivered by Commonwealth to the plaintiffs.

The truck was returned to Commonwealth for minor repairs on *February* 4, *February* 8 and *February* 11, 1963. On the latter occasion (*February* 11, 1963) the complaint was that the gas tank was leaking, and that it was loose, and the plaintiffs were told to leave it there. Repairs were made on the tank, the evidence by Commonwealth indicating that no work was done on the gas tank, and that the leaking condition was caused by diffculty with the overflow tube connected to the gooseneck filler attached to the tank, which difficulty was corrected without touching the tank.

An employee of the plaintiff testified that when he was "gassing up" on the morning of *February* 25, 1963, he noticed that the tank was vibrating; that later in the day as he was proceeding along Morton Street in Dorchester, he heard a noise in the rear of his truck, looked back and saw the rear of his car engulfed in flames. The fire department was called. After the flames were extinguished

the gas tank was found on the ground. In the opinion of District Fire Chief Walsh, the gas tank fell off the truck, and the friction of the tank hitting the ground caused a spark which set off the gasoline and caused the ensuing fire, destroying the truck.

The foreman of Gar Wood testified that the replacement of the pickup body with the rack body was done in the usual and accepted manner, and had been performed at their shop on hundreds of occasions. He further testified that if this work had been done properly the gas tank could not fall off the truck.

At the close of the evidence the defendant Gar Wood requested the court to rule that

"The plaintiffs as a matter of law have failed to sustain their burden of proof as to the negligence of the defendant."

The court refused to so rule and found for the plaintiff. Being aggrieved by the ruling and finding, the defendant Gar Wood brings this report.

■ The absence of privity between the parties is immaterial to the issue of liability. In agreeing to make the changes on this truck the defendant Gar Wood undertook to use reasonable care in performing its task so as to prevent injury to persons or property. *Carter v. Yardley & Co. Ltd.,* 319 Mass. 92; *LeBlanc v. Ford Motor Co.,* 346 Mass. 217; *McPherson v. Buick Motor Co.,* (NY) 111 N.E. 1050. (Cardozo, C.J. Leading Case)

■ Reasonable care under the circum-

stances depends on whether the eventuality that did occur was foreseeable.

In our opinion there was nothing far fetched or conjectural about what might happen if the gas tank were not properly attached to the truck. It required no great prophetic insight to realize that if the gas tank were not securely affixed to the truck, it might fall to the ground and that the gasoline which scattered might ignite and cause a blaze. The foreseeability of the consequences in the cause under review was much closer to the defendant's acts than appears in *Thornhill v. Carpenter Morton Co.,* 220 Mass. 593; or *Guinan v. Famous Players Lasky Corp.,* 267 Mass. 501, 512; or *In re Polemis, Court of Appeal* (1921), 3 K.B. (Eng.) 560.

We are left to consider whether there was evidence to support the finding that the fire was the consequence of the falling of the gas tank from the truck. In the opinion of the District Fire Chief it was. Aside from this, the evidence that the tank had been vibrating on the days prior to the fire permitted the court to infer that a faulty attachment of the tank to the truck was the cause of its eventual dropping. When to all these facts there is the additional testimony of the defendant's foreman that if the work had been done properly the tank would not have fallen from the truck, there appears to be sufficient evidence to satisfy the plaintiff's burden to proof. See: *Van Steenberger v. Barrett,* 286 Mass. 400; *State Farm Mutual Auto Ins. Co. v. Ander-*

*son-Weber, Inc.,* 252 Iowa 1289; *Jarnot v. Ford Motor Co.,* 191 Pa. Super. 422.

There was no error. *Report dismissed.*

Allan M. Yoffa of Boston for the Plaintiff.

John J. O'Brien of Boston for the Defendant.